# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

    Plaintiff

vs

ADIL SHAFI,

    Defendant.
_____/

Case No. 11-12909
Hon. Victoria A. Roberts

## DEFENDANT SHAFI'S BRIEF IN REPLY TO PLAINTIFFS' RESPONSE TO HIS RULE 12(b)(6) MOTION TO DISMISS AND REQUEST FOR COSTS

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES...……………………….....……………….…..……...…..…….…iii

INTRODUCTION……………………………………………………………………...……………1

ARGUMENT..................................................................................................................................1

      I.     PLAINTIFFS' 2011 CLAIMS WERE RIPE PRIOR TO ADJUDICATION OF THE 2009 CASE.

      II.    PLAINTIFFS' 2011 CLAIMS ARE BARRED EVEN THOUGH THEY PURSUE DIFFERENT REMEDIES.

      III.   PERMISSIVE JOINDER RULES DO NOT PRECLUDE APPLICATION OF *RES JUDICATA*.

CONCLUSION................................................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

Cahill v. Jewell, 1999 U.S. App. LEXIS 9268 (6th Cir. Ky. May 12, 1999)………4

Headley v. Bacon, 828 F.2d 1272, 1275 (8th Cir. 1987)……………………….....5

J. A. M. Corp. v. Aaro Disposal, Inc., 1998 Mich. App. LEXIS 2716 (Mich. Ct. App. Jan. 16, 1998)……………………………………………………………….4

J.M.S. & Assocs. v. Eastman Kodak,
1998 U.S. App. LEXIS 15345 (6th Cir. 1998)…………………………………...5

Luptak v. Central Cartage Co., 647 F.2d 165 (6th Cir. 1981)……………….…...1

O'Brien v. Syracuse, 429 N.E.2d 1158, 1159 (N.Y. 1981) ......................................4

Plotner v. AT & T Corp., 224 F.3d 1161, 1170 (10th Cir. 2000)………………….4

Total Foods v. Alix, 1997 U.S. App. LEXIS 32289
(6th Cir. Mich. Nov. 12, 1997)…………………………………………………...2

**INTRODUCTION**

Plaintiffs professed, "There simply is no identity of the cause of actions in the 2009 Action compared to the 2011 Action" and "There is no identity of the causes of action between the two lawsuits," as if hoping their ad nauseam utterances would make it true. In truth, no matter how often Plaintiffs suggested that the 2009 and 2011 cases were apples and oranges, the underlying facts in both cases are clearly fruit from the same vine. Moreover, Plaintiffs' claims indisputably arose from one basic transaction: the 2008 Shafi/Braintech Share Purchase Agreement (SPA).

Plaintiffs' baseless theories are not a substitute for common sense. After reviewing the 2009 and 2011 Complaints side by side, tracing the origin of Plaintiffs' new claims to the same SPA that they originally asked this Court to rescind, and placing a magnifying glass to Plaintiffs' legal authority, the only just result would be granting Defendant's Motion to Dismiss and assessing Plaintiffs 28 USC § 1927 sanctions for filing this transparently duplicative lawsuit.

**ARGUMENT**

Plaintiffs asked this Court to ignore that the 2011 case arose from the same transactions or occurrences as the 2009 case because 2011 boasted new claims and new remedies. This tactic would not have been so unsavory had the Plaintiffs garnered more support for their theories.

The closest that Plaintiffs came to citing the proper authority was in their mocking of the Defendant: "Shafi appears to suggest that Braintech should nonetheless have brought all of its claims at the time it brought its original rescission action merely because **it knew of such claims and 'could have' brought them** as part of the 2009 action." (Resp. to Motion.) Let the Defendant be clear, that is exactly what he suggested. The Sixth Circuit agrees.[1]

---

[1] *Luptak v. Central Cartage Co.*, 647 F.2d 165 (6th Cir. 1981) (known allegations "could have" been presented in

{00039963;v1 }

In this circuit, *res judicata* requires (1) a prior action decided on the merits; (2) involving the same parties or their privies; and (3) the second case could have been resolved in the first. After Plaintiffs' Response conceded that the actions involved the same parties/privies and failed to oppose Defendant's argument that the prior action was decided on the merits, Defendant's Reply needs only to focus on whether the 2011 case could have been resolved during the 2009 proceeding. That question rests on this Court's analysis of Plaintiffs' three patently flawed theories. First, Plaintiffs argued that the 2011 issues were not ripe before the 2009 litigation was adjudicated on the merits. Second, Plaintiffs felt that pursuing alternative remedies in the new matter nullified *res judicata*. Third, Plaintiffs touted the federal permissive joinder as a bar to *res judicata*.

### I.  PLAINTIFFS' 2011 CLAIMS WERE RIPE PRIOR TO ADJUDICATION OF THE 2009 CASE.

The argument that the 2011 claims were not ripe prior to adjudication of the 2009 case is unfounded. To track the development of the 2011 claims, a brief timeline is helpful. First, Braintech allegedly terminated Shafi in 2008. Then, Braintech sued Shafi for rescission of the SPA on February 6, 2009. On August 21, 2009, Plaintiffs' counsel warned the Defendant:

> **If Mr. Shafi has not resigned from Braintech's Board of Directors, effective November 2008, then Mr. Shafi's actions are, at a minimum, a breach of his fiduciary duties to Braintech, a breach of loyalty to Braintech, self-dealing, misappropriation of corporate opportunity, and *improper competition* with Braintech. (Attached to Mot. to Dismiss.)**

The letter also threatened, "Those actions include, but are not limited to, those taken by Mr. Shafi on behalf of his entity, Advenovation, Inc., which appears to compete with Braintech, Inc., and Mr. Shafi's disparagement of Braintech in the marketplace." Plaintiffs mention of

---

the original action and were thus barred by *res judicata*); *Total Foods v. Alix*, 1997 U.S. App. LEXIS 32289 (6th Cir. Mich. Nov. 12, 1997) (*res judicata* was proper where parties to the proceedings "knew" about an issue of interest and "could have" raised it prior)

{00039963;v1 }   2

Advenovation is significant because they already admitted, "[The 2011] claims are based upon Shafi's post Braintech employment at his new company, Advenovation." (Resp. to Mot. at 9.) The letter above is therefore proof that Plaintiffs were completely apprised of those issues making up the 2011 case well before the 2009 case was dismissed.

In May 2010, Weidinger's new company, RVT, allegedly purchased Braintech at public auction and took responsibility for all of Braintech's existing claims. RVT chose to neglect the litigation. Finally, **nine** months after sending the letter above and not taking action, this Court dismissed the 2009 case for failure to prosecute.

The June 3, 2010 date of dismissal is also significant. First, the dismissal represented an adjudication on the merits of Plaintiffs' 2009 claims arising out of the Shafi/Braintech Agreement. The June dismissal also marked the nail in the coffin for any Braintech/RVT claims that arose out of the Shafi/Braintech Agreement, which could have been litigated in the first case.

The above timeline clearly illustrates that Plaintiffs had the requisite knowledge to bring the 2011 claims nine months prior to the June 2010 dismissal, but failed to so. Accordingly, Plaintiffs' 2011 claims should be barred.

## II.  PLAINTIFFS' 2011 CLAIMS ARE BARRED EVEN THOUGH THEY PURSUE DIFFERENT REMEDIES.

Plaintiffs also tried to save their 2011 claims by arguing that the new claims pursued different remedies than those sought in 2009. In 2008, Plaintiffs took calculated steps to preserve the rescission claim against Shafi, including not following the terms of the SPA. After this Court dismissed the rescission claim, Plaintiffs were barred from bringing a future lawsuit arising from that same Agreement. Blaming Shafi for their downfall (even though he only worked at Braintech for 3 months) and harboring animosity, Plaintiffs filed new claims, of the same origin, in a Virginia court and manufactured new remedies.

Plaintiffs' 2011 non-competition claim is best described as an inverted version of their rescission claim. Had Plaintiffs originally sued for breach of contract, rather than rescission, the non-competition claims would have been integral to that litigation. By all appearances, the non-competition claim is the Plaintiffs' second bite of the apple.

To cover for this tactic, Plaintiffs argued that the new claims are not barred because they pursue remedies distinct from the old case. However, no legal authority supports that position and courts have consistently barred new claims brought with that premise.

In *Cahill*, a plaintiff filed a subsequent lawsuit alleging different relief. In an unpublished opinion, a Sixth Circuit panel applied New York's "transactional approach" to *res judicata* and held, "Once a claim is brought to a final conclusion, all other claims arising out of the same series of transactions are barred, even if based upon different theories or if seeking different remedies." *Cahill v. Jewell*, 1999 U.S. App. LEXIS 9268 (6th Cir. Ky. May 12, 1999) (quoting *O'Brien v. Syracuse*, 429 N.E.2d 1158, 1159 (N.Y. 1981)).

Similarly, a Michigan Court of Appeals panel barred a new lawsuit boasting new remedies and reasoned that "[allowing the new case to go forward] would be tantamount to permitting an aggrieved party, confronted with a judgment for the defendant, to file successive actions based on different theories or claims and seeking **different remedies** until it receives a favorable verdict. This would wholly undermine the doctrine of *res judicata*. *J. A. M. Corp. v. Aaro Disposal, Inc.*, 1998 Mich. App. LEXIS 2716 (Mich. Ct. App. Jan. 16, 1998). *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) (A party cannot circumvent the bar of *res judicata* by asserting a new legal theory or by seeking a **different remedy**). Accordingly, Plaintiffs' new remedy argument is flawed and this Court should dismiss Plaintiffs' claims.

### III.   PERMISSIVE JOINDER RULES DO NOT PRECLUDE APPLICATION OF *RES JUDICATA*.

Plaintiffs have also misled this Court with respect to the permissive joinder issue. The gist of Plaintiffs' argument is that Braintech was not *required* to assert all claims against Shafi and their decision to not do so was "tactical." To strengthen their argument, Plaintiffs deceitfully quoted only a portion of the *Headley* language, omitting the most applicable and operative portion underlined below. In its entirety, *Headley* read:

> **That Headley could have joined the suits does not necessarily mean she was required to do so, however. The decision to bring separate actions was a tactical choice allowed by the Federal Rules of Civil Procedure; Rules 18(a) and 20(a) refer only to *permissive* joinder, at the party's option. <u>Nevertheless, the doctrine of res judicata may operate for practical purposes to require joinder of claims by barring their assertion in later actions. The questions thus remain whether the claims and/or the defendants in the two actions were sufficiently distinct to avoid application of the doctrine. The doctrine of res judicata does not bar claims even arising out of the same facts against defendants who were not parties to the first action.</u>** *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987)

The underlined portion reveals why *Headley* is distinguishable from our case. In *Headley,* a plaintiff concluded a first suit against a Nebraska city. The plaintiff then sued the city employees based on the same underlying facts. The employees argued that the new claim was barred by *res judicata*, but the Eighth Circuit held that *res judicata* was no bar where the city employees, acting in their individual capacities, were not privies to the City. *Id.* at 1280.

In our case, RVT is Braintech's privy. Therefore, *Headley* is inapposite. *See J.M.S. & Assocs. v. Eastman Kodak*, 1998 U.S. App. LEXIS 15345 (6th Cir. 1998) (the application of *res judicata* was not irreconcilable with the permissive joinder provision); *Turner v. Crawford Square Apts. III, L.P.*, 449 F.3d 542, 550, (3d Cir. 2006) (plaintiff confused the separate concepts of waiver and *res judicata*, where permissive joinder rule did not prevent res judicata from barring her claims that were *or could have been raised* in the prior action).

## **CONCLUSION**

In sum, Plaintiffs' Response tries to disguise a transparently duplicative lawsuit that they never imagined would find its way back to the Michigan court most familiar with the 2009 proceedings. Because Plaintiffs' vexatious litigation is motivated by animosity and the malicious desire to bleed Shafi's resources, this Court should grant Shafi's Motion to Dismiss and award him costs and attorney fees.

**Respectfully submitted,**

/s/  Noah S. Hurwitz
Sheryl A. Laughren (P34697)
David M. Foy (P42574)
Noah S. Hurwitz (P74063)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of such filing (NEF) to the following:

Sheryl A. Laughren (P34697)
David M. Foy (P42574)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

Thomas G. McNeill (P36895)
Attorney for Weidinger, Robotic Vision Technologies
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500
tmcneill@dickinsonwright.com