UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff/Third Party Plaintiff,

vs                                                                           Case No: 09-10454
                                                                 Honorable Victoria A. Roberts

FREDERICK WEIDINGER and
BRAINTECH, INC.,

    Third Party Defendant/Counter Defendant.
_____/

and

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

    Plaintiffs,

vs                                                                          Case No: 11-12909
                                                                 Honorable Victoria A. Roberts

ADIL SHAFI,

    Defendant.

_____/

**ORDER**

**I.    INTRODUCTION**

       This matter is before the Court on Defendant Braintech's Motion in Limine to Exclude Introduction of the Share Purchase Agreement ("SPA"). The SPA was part of a series of documents entered into between Shafi and Braintech on August 12, 2008. In fact, they entered into six agreements that day. Based on representations made in Shafi's briefs, Braintech also asks that the Court enter judgment in its favor.

The Court **GRANTS** Braintech's motion to exclude the Share Purchase Agreement, and **DENIES** Braintech's request for summary judgment; the Court declines to do that without notice to Shafi and before the completion of discovery.

## II.   PROCEDURAL HISTORY

On April 5, 2011 this Court substantially granted Counter-Defendants' Frederick Weidinger and Braintech, Inc.'s Motion for Summary Judgment.  The Court held that the only counterclaim Counter-Plaintiff Adil Shafi could proceed to trial on was his claim that Braintech and Weidinger breached their Employment Agreement with him by terminating him without notice or good cause.  (Doc. # 103).  Under the Employment Agreement: (1) Shafi could be fired for any reason with 30 days notice; (2) if Shafi is fired for good cause, he is entitled to severance pay; and (3) if Shafi is fired without good cause, he is not entitled to severance pay.  Under its April 5, 2011 order, the Court also dismissed Shafi's Fraud, Securities Fraud, Conversion, and Unjust Enrichment claims.

## III.   ANALYSIS

Braintech moves to exclude introduction of the SPA, arguing it is irrelevant, under Fed. R. Evid. 401,  to the issue of whether Shafi was terminated for good cause under the Employment Agreement.  Braintech also says that any probative value of the SPA is outweighed by the danger of undue prejudice, confusion of the issues, and the likelihood of misleading the jury if it is introduced.

Shafi says the SPA places the Employment Agreement in context; it illustrates that the Employment Agreement "was part of a global agreement between Shafi, his two

2

companies, Braintech and Weidinger." (Doc. # 112 at 1). The SPA comes in, Shafi asserts, to supplement the notice provision of the Employment Agreement because the Employment Agreement does not specify whether notice of termination must be in writing. The SPA, on the other hand, explicitly states that notice under the Agreement must be in writing. Shafi says that because no notice of termination (written or otherwise) was ever provided to him, he is entitled to severance pay under paragraph 12(g) of the Employment Agreement.

Braintech urges the Court to reject this argument for two reasons: (1) the Employment Agreement contains an integration clause at paragraph 20 which provides that the Employment Agreement "'contains <u>the complete agreement concerning the employment arrangement between the parties</u>.'" (Doc. # 115 at 1 (quoting Ex. A; Employment Agreement ¶ 20)) (emphasis in original); and (2) the Employment Agreement simply requires Braintech to give Shafi notice of termination, not written or verbal notice of good cause or reason for the termination.

Braintech makes other arguments which the Court need not consider here; Braintech is correct that the Employment Agreement cannot be supplemented by the SPA or otherwise because of the Employment Agreement's integration clause. This clause states that the Employment Agreement "contains the complete agreement concerning the employment arrangement between the parties and shall, as of the effective date hereof, supersede all other agreements between the parties." (Employment Agreement ¶ 20). Because the Employment Agreement is completely integrated, Shafi cannot introduce the SPA to supplement its terms. *See, e.g.*, *T.P. Inc. v. J & D's Pets, Inc.*, No. 98C-01-205-WTQ, 1999 WL 135243, at * 5. Shafi completely

disregards the Employment Agreement's integration clause.

Braintech's motion is **GRANTED**.

It became clear through the briefing of the parties, that the initial focus of Braintech's motion shifted in light of Shafi's response.  For example, Shafi states in his response that the sole issue to be litigated by the Court is whether Shafi was provided notice of termination for any reason, good cause or not.  He says whether grounds existed to terminate him for good cause, are not relevant.  He also says that lack of 30 day notice alone, entitles him to severance pay under the Employment Agreement.

The parties also seem to disagree as to whether Shafi was terminated or only place on administrative leave. However, it appears that Shafi may have conceded the point at deposition.

Shafi is wrong, to the extent he believes good cause is not at issue.  It is a primary issue in this case, along with whether he received notice of termination, written or otherwise.

Also, to the extent Shafi argues a lack of 30 day notice alone entitles him to severance pay under the Employment Agreement, he is wrong again.  Paragraph 12(g) of the Employment Agreement does not say that lack of notice triggers Shafi's entitlement to severance pay.

With these clarifications, the Court is not prepared to treat Braintech's motion as one for summary judgment.  There appear to be factual disputes, including whether:

(1)   Shafi was terminated;

(2)   Shafi received notice of termination;

(3)   the termination was for good cause; and

    (4)    Shafi intentionally stole and destroyed Braintech property.

The Court will enter a scheduling order. No further requests for summary judgment may be filed before the close of discovery.

**IT IS ORDERED**.

                                        /s/ Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  December 20, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 20, 2011.
>
> s/Linda Vertriest
> Deputy Clerk