UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

      Plaintiffs,

vs

ADIL SHAFI,

      Defendant.
_____/

Case No. 11-12909
Hon. Victoria A. Roberts

## DEFENDANT ADIL SHAFI'S MOTION FOR RECONSIDERATION

Defendant Adil Shafi ("defendant" or "Shafi"), by and through his attorneys, Berry Moorman P.C., and for his Motion for Reconsideration pursuant to E.D. Mich. LR 7.1(h)(3), states as follows:

As explained more fully in the accompanying brief, this Court should reconsider its December 19, 2011 Order and dismiss Plaintiff's remaining claims by invoking Michigan's broad view of *res judicata*.

**WHEREFORE**, Defendant requests that the Court reconsider its December 19, 2011 Order and grant Defendant Summary Judgment against Plaintiffs' remaining claims of Breach of Non-Competition Agreement (Count II), Defamation (Count III), and Unfair Competition (IV).

Respectfully submitted,

/s/ Noah S. Hurwitz
Sheryl A. Laughren (P34697)
David M. Foy (P42574)
Noah S. Hurwitz (P74063)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi

                                        535 Griswold, Suite 1900  
                                        Detroit, Michigan 48226  
                                        (313) 496-1200

Dated: December 27, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

    Plaintiff                                         Case No. 11-12909

vs                                                 Hon. Victoria A. Roberts

ADIL SHAFI,

    Defendant.
_____/

**DEFENDANT ADIL SHAFI'S
BRIEF IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

{00043508;v1 }

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES..………………………..………………..…….…..……..…….……iii

STATEMENT OF QUESTIONS PRESENTED…………………………………..……...iv

STANDARD OF REVIEW……………………………………………………….…..………1

ARGUMENT..................................................................................................................1

I.  THE COURT ERRED WHEN IT ANALYZED DEFENDANT'S *RES JUDICATA* ARGUMENT UNDER THE NARROW FEDERAL LAW INTERPRETATION........2

CONCLUSION...............................................................................................................4

**INDEX OF AUTHORITIES**

# Cases

*Abbott v. Michigan,* 474 F.3d 324, 331 (6th Cir. 2007) .................................................................. 3
*Adair v. State,* 470 Mich. 105, 121, 680 N.W.2d 386 (Mich. 2004) ............................................. 3
*Buck v. Thomas M. Cooley Law School,* 597 F.3d 812, 817 (6th Cir. 2010) ................................. 3
*Dart v. Dart,* 460 Mich. 573, 586, 597 N.W.2d 82 (Mich. 1999). ................................................. 3
*Dubuc v. Green Oak Twp.*, 312 F.3d 736 (6th Cir. 2002) .............................................................. 3
*Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) ....................................... 1
*Hilton v. Guyot*, 159 U.S. 113, 16 S. Ct. 139, 40 L. Ed. 95 (1895) ............................................... 2
*J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) ................................. 2
*Rauch v. Sinai Hosp.*, 2001 Mich. App. LEXIS 1450 at 10 (Mich. Ct. App. June 15, 2001) ........ 4
*Schwartz v. Flint*, 187 Mich. App. 191, 195, 466 N.W.2d 357 (Mich. Ct. App. 1991) .................. 3
*Taveras v. Taveraz*, 477 F.3d 767, 783 (6th Cir. 2007) ................................................................. 2
*Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) ........................ 2
*United Communs. Corp. v. U.S. Bronco Servs.*, 2011 U.S. Dist. LEXIS 59362 (S.D. Ohio June 1, 2011) ......................................................................................................................................... 2
*United Communs. Corp. v. U.S. Bronco Servs.*, 2011 U.S. Dist. LEXIS 59363 at 33 (S.D. Ohio Feb. 8, 2011). ................................................................................................................................ 2
*Ventas, Inc. v. HCP, Inc.,* 647 F.3d 291, 303 (6th Cir. 2011) ......................................................... 2

# Rule

E.D. Mich. LR 7.1(h)(3) ................................................................................................................. 1

## **STATEMENT OF QUESTIONS PRESENTED**

1. **DID THE COURT ERR WHEN IT FALED TO APPLY MICHIGAN LAW AND WILL CORRECTING THIS ERROR CAUSE PLAINTIFFS' REMAINING CLAIMS TO BE DISMISSED.**

   DEFENDANT SAYS "YES"

## STANDARD OF REVIEW

The Court grants a motion for reconsideration if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

## ARGUMENT

On December 19, 2011, this Court entered an opinion and order granting in part and denying in part Defendant Shafi's Motion for Summary Judgment. Shafi now moves this Court for reconsideration because it erred when it applied federal law, rather than state law, in deciding whether to bar Plaintiffs' claims under the doctrine of *res judicata*.

The Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect mislead the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Fleck*, 177 F. Supp. at 624. In this case, the defect occurred because the Court applied federal law to those *res judicata* issues that required a Michigan law analysis, reasoning "*res judicata* only applies to claims that were ripe at the time the initial Complaint was filed." *Id*. Had this Court applied Michigan's "broad" view of *res judicata*, it would have found that the August 21, 2009 VandeWyngearde letter to Plaintiffs definitively showed that Plaintiffs were fully apprised of the Breach of Non-Competition Agreement (Count II), Defamation (Count III), and Unfair Competition (IV) claims brought in this case at a date in time prior to the adjudication of the 2009 case. Accordingly, this Court should reconsider its order and grant Shafi's Motion as to

Plaintiffs' remaining claims.

**I.   THE COURT ERRED WHEN IT ANALYZED DEFENDANT'S *RES JUDICATA* ARGUMENT UNDER THE NARROW FEDERAL LAW INTERPRETATION.**

In applying federal law to Shafi's *res judicata* argument, rather than state law, this Court reasoned, "the Sixth Circuit applies federal *res judicata* principles to successive federal diversity actions. *See J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996)." However, the United States Supreme Court and more recent Sixth Circuit law instruct that this Court should have elected otherwise. The United States Supreme Court has held that in diversity jurisdiction, "the recent decisions all refer recognition and *res judicata* questions to the choice-of-law principles used by the state in which the federal court sits." *Hilton v. Guyot*, 159 U.S. 113, 16 S. Ct. 139, 40 L. Ed. 95 (1895). Moreover, our Sixth Circuit just recently held that a federal court hearing a case based on diversity jurisdiction should apply the law of the state in which it sits in determining the application of *res judicata. Ventas, Inc. v. HCP, Inc.,* 647 F.3d 291, 303 (6th Cir. 2011) (citing *Taveras v. Taveraz*, 477 F.3d 767, 783 (6th Cir. 2007)).

The Court's reliance on *J.Z.G.* is similar to an error committed in the first *United Communications* case. In *United Communications I*, the court held that "federal claim preclusion principles, rather than state law principles, apply in successive federal diversity actions." *United Communs. Corp. v. U.S. Bronco Servs.*, 2011 U.S. Dist. LEXIS 59363 at 33 (S.D. Ohio Feb. 8, 2011). However, upon reconsideration, the *United Communications II* court reversed its path, holding, "In *Taylor*, the United States Supreme Court held that federal common law determines the preclusive effect of a previous federal court judgment, and that in diversity cases, 'federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.'" *United Communs. Corp. v. U.S. Bronco Servs.*, 2011 U.S. Dist. LEXIS 59362 (S.D. Ohio June 1, 2011) (citing *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008)).

As a result, the *United Communications II* opinion applied Arkansas state law.

Therefore, Michigan law controls the *res judicata* issues in this case and Michigan's "broad view of *res judicata*" applies. *Buck v. Thomas M. Cooley Law School,* 597 F.3d 812, 817 (6th Cir. 2010). In Michigan, *res judicata* bars a subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. *Abbott v. Michigan,* 474 F.3d 324, 331 (6th Cir. 2007) (citing *Adair v. State,* 470 Mich. 105, 121, 680 N.W.2d 386 (Mich. 2004)). *Res judicata* bars not only claims already litigated, but claims arising from the same transaction that the parties, exercising reasonable diligence, **could have raised but did not**. *Dart v. Dart,* 460 Mich. 573, 586, 597 N.W.2d 82 (Mich. 1999).

As opposed to the majority federal law cited by this Court, Michigan law does not restrict claim preclusion only to cases where the issues were known at the time or before the initial complaint was filed. Under Michigan law, a plaintiff has a duty to supplement the complaint with related factual allegations that develop "during the pendency of" the state suit or have them barred by *res judicata*. *See Adair*, 470 Mich. at 125, 680 N.W.2d at 398; *Dubuc v. Green Oak Twp.*, 312 F.3d 736 (6th Cir. 2002). In *Dubuc*, the Sixth Circuit applied Michigan law and held that *res judicata* barred suit where a party failed to amend the initial complaint to add new allegations before adjudication on the merits of the initial suit. *Dubuc*, 312 F.3d at 750. The *Dubuc* court emphasized, "the key issue is whether Appellant **could have amended** his complaint in [the earlier proceeding] to include these new manifestations of alleged retaliation." *Id*. at 749; *See Schwartz v. Flint*, 187 Mich. App. 191, 195, 466 N.W.2d 357 (Mich. Ct. App. 1991) (*Res judicata* had preclusive effect where the plaintiff was apprised of the issues sometime **after** the initial complaint, but had opportunity to amend the original complaint before

termination of the prior suit). *Rauch v. Sinai Hosp.*, 2001 Mich. App. LEXIS 1450 at 10 (Mich. Ct. App. June 15, 2001) (the broader policy considerations underlying the doctrine of *res judicata* barred the second legal action even when it was undisputed that the second action involved certain facts not in existence at the time the original suit was filed).

Applying Michigan law to the *res judicata* issues, Plaintiffs remaining claims should be barred because they could have litigated them in the ten months prior to the June 3, 2010 adjudication of the 2009 litigation. As previously explained in Defendant's initial Motion, Plaintiffs were fully apprised of the Breach of Non-Competition Agreement, Defamation, and Unfair Competition claims upon receiving VandeWyngearde's letter on August 21, 2009. The VandeWyngearde letter first threatened that "Mr. Shafi's actions are, at a minimum, a breach of his fiduciary duties to Braintech, a breach of loyalty to Braintech, self-dealing, misappropriation of corporate opportunity, and improper competition with Braintech." Yet, Plaintiffs failed to amend their 2009 complaint. Moreover, as for Shafi's dealings with Advenovation and alleged disparagement of Weidinger, the VandeWyngearde letter stated, "Those actions include, but are not limited to, those taken by Mr. Shafi on behalf of this entity, Advenovation, Inc., which appears to compete with Braintech, Inc., and Mr. Shafi's disparagement of Braintech in the marketplace." Therefore, the August 21, 2009 letter conclusively establishes that Plaintiffs knew about the 2011 claims before the 2009 case was adjudicated and knowingly elected not to bring them.

Accordingly, Plaintiffs have brought claims that were previously known to them and ripe for litigation in a former case. If this Court applies Michigan law, rather than federal law, to the *res judicata* analysis, reconsideration would trigger in a different outcome of this case.

## CONCLUSION

Reconsideration of the December 19, 2011 is warranted in light of the Court's improper *res judicata* analysis.

**Respectfully submitted,**

/s/ Noah S. Hurwitz
Sheryl A. Laughren (P34697)
David M. Foy (P42574)
Noah S. Hurwitz (P74063)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of such filing (NEF) to the following:

Sheryl A. Laughren (P34697)　　　　　Anne Widlak (P35763)
David M. Foy (P42574)　　　　　　　　Susan D. Koval (P59297)
BERRY MOORMAN P.C.　　　　　　　　NEMETH BURWELL, P.C.
Attorneys for Adil Shafi　　　　　　　Attorneys for Braintech, Inc.
535 Griswold, Suite 1900　　　　　　　200 Talon Centre Drive, Suite 200
Detroit, Michigan 48226　　　　　　　Detroit, Michigan 48207
(313) 496-1200　　　　　　　　　　　(313) 567-5921

 Thomas G. McNeill (P36895)
Attorney for Weidinger, Robotic Vision Technologies
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500
tmcneill@dickinsonwright.com