UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff/Third Party Plaintiff,

vs                                                         Case No: 09-10454
                                                           Honorable Victoria A. Roberts

FREDERICK WEIDINGER and
BRAINTECH, INC.,

    Third Party Defendant/Counter Defendant.
_____/

and

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

    Plaintiffs,

vs                                                         Case No: 11-12909
                                                           Honorable Victoria A. Roberts
ADIL SHAFI,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER

### I. INTRODUCTION

    Before the Court is Defendant Adil Shafi's Motion to Reconsider the Court's December 19, 2011 Order Granting in Part and Denying in Part his Motion to Dismiss. (Doc. # 15).

    The Court **DENIES** the motion.

## II.     BACKGROUND

On December 19, 2011, this Court granted in part and denied in part Defendant/Counter-Plaintiff Shafi's Motion to Dismiss Plaintiffs/Counter-Defendants Robotic VISION Technologies, LLC's ("RVT") and Frederick Weidinger's action against him. The Court held that Count I of the 2011 Complaint, alleging Breach of Share Purchase Agreement Warranties, was barred by res judicata because it could have been litigated in a 2009 action between RVT's privy – Braintech – and Shafi.  In 2009, Braintech sued Shafi in this Court based on diversity of citizenship.  Braintech sought rescission of multiple contracts ("Sale Agreements") between the two.   The agreements culminated in the sale of Shafi's two companies, SHAFI, Inc. ("SI") and SHAFI Innovation, Inc. ("SII"), and his product, Reliabot, to Braintech and the employment of Shafi as Chief Operating Officer ("COO") at Braintech.  On June 3, 2010, this Court dismissed the 2009 action for failure to prosecute.

Although the Court dismissed Count I of the 2011 Complaint, it denied Shafi's motion to dismiss Counts II, III, and IV, alleging  Breach of Non-Competition Agreement, Defamation, and Unfair Competition.  The Court applied federal res judicata principles to the successive federal diversity jurisdiction case, and held that its decision on the merits on the 2009 Complaint did not preclude these claims because they could not have been raised when the 2009 Complaint was filed, although they did develop before the action was dismissed.  Shafi now asks the Court to reconsider that order and dismiss RVT's entire 2011 Complaint on res judicata grounds.

**III. STANDARD OF REVIEW**

A court grants reconsideration only if the movant demonstrates a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). If the movant merely presents the same issues the court already ruled on, the motion will be denied. *Id.* A "palpable defect" is one that is "obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

**IV. ANALYSIS**

Shafi says the Court clearly erred by applying federal, rather than state, res judicata law. He says, under Michigan's broad approach to claim preclusion, Counts II, III, and IV of the 2011 Complaint are barred. He says Michigan res judicata law (unlike its federal counterpart) requires a party to amend its complaint when it discovers facts during the pendency of the action that support additional claims. He says a letter from Braintech's former counsel, James VandeWyngearde, reveals that Braintech knew it had claims for breach of non-competition agreement, defamation, and unfair competition prior to the Court's June 3, 2010 dismissal of the 2009 Complaint. Shafi says, under Michigan law, Braintech was required to supplement its 2009 Complaint when it learned of these claims and its failure to do so bars the claims now based on res judicata.

Supreme Court precedent supports Shafi's argument. S*ee Taylor v. Sturgell*, 553 U.S. 880, 891 n. 4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.* 531 U.S. 497, 508 (2001)) (the preclusive effect of a federal court judgment in a diversity

case is determined by federal common law and federal common law incorporates the rules of preclusion applied by the State in which the rendering court sits). However, this error does not require reversal under E.D. Mich. LR 7.1(h)(3); correcting the defect will not result in a different disposition of the case. Even applying Michigan's broad res judicata principles, Counts II, III, and IV of Plaintiffs' Complaint are not precluded.

In Michigan, res judicata only bars a subsequent action if the claims arise from the "same transaction" as those of the first. *Adair v. State of Michigan*, 470 Mich. 105, 125, 680 N.W.2d 386 (2004). There must be a connection, or sufficient relationship, between the claims raised in the different suits – such as a continuing pattern or course of conduct – for the former action to preclude the latter. *See, e.g.*, *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817 (6th Cir. 2010) ("[U]nder Michigan law, a plaintiff has a duty to supplement her complaint with *related factual allegations* that develop 'during the pendency of' her state suit or have them barred by res judicata.") (emphasis added); *Dubuc*, 312 F.3d at 751 ("When, as here, it is obvious that *the alleged ongoing retaliation is actually the defendant continuing on the same course of conduct*, which has previously been found by a court to be proper, a subsequent court must conclude that the plaintiff is simply trying to relitigate the same claim.") (emphasis added).

The court must ask whether "a single group of operative facts give[s] rise to the assertion of relief." *Adair*, 470 Mich. at 124 (citation and quotation marks omitted). In *Adair*, the Michigan Supreme Court explained, "'Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, and whether they form a convenient trial unit.'" 470 Mich. at 125 (quoting 46 Am. Jur. 2d,

4

Judgments 533, p.801) (emphasis in *Adair*).  Therefore, the transactional approach does not require the plaintiff to bring all claims it has against a defendant that may accrue before entry of final judgment, only those that are factually related.  *Banks v. Lab Lansing Body Assembly*, 271 Mich. App. 227, 231-32, 720 N.W.2d 756 (2006) (cautioning against conflating the phrase "claims arising out of the same transaction" with "all claims that accrue before entry of a final award"); *see also Elder v. Harrison Twp.*, 786 F.Supp.2d 1314, 1327 (E.D. Mich. 2011) (res judicata bars claims arising from the same transaction, not all claims that accrue before entry of final judgment).

Applying these state law principles to the facts of this case, res judicata is inapplicable to Counts II, III, and IV of Plaintiffs' 2011 Complaint.  The claims in the two suits are not temporally related.  The 2009 action arose from Shafi's conduct during 2008, when he executed the Sale Agreements with Braintech and began working as COO there.  These Counts arise from Shafi's unfair competition with, and defamation of, Braintech and RVT in 2009 and 2010.  While this time difference is not dispositive, it is a relevant consideration.  *See, e.g., McCoy v. Michigan*, 369 Fed. Appx. 646, 651 (6th Cir. 2010) (no transactional relatedness between the state court action and the subsequent federal litigation where the events in the state court litigation were "far removed temporally" from the later case).

Moreover, a single group of operative facts does not give rise to the asserted right to relief.  Braintech's asserted right to relief in the 2009 action arose from statements Shafi made to induce Braintech to purchase his companies, as well as his dereliction of job duties while employed at Braintech.  Shafi's material misrepresentations and fraudulent statements about the quality and market-revenue-

readiness of Reliabot, and the financial indebtedness and projected revenue of SI and SII, were the primary allegations of that case. (*See* Doc. # 9-2; Def. Ex. A, 2009 Michigan Complaint). On the other hand, Counts II, III, and IV of the 2011 action allege breach of non-competition agreement, defamation, and unfair competition arising from Shafi's alleged misconduct in connection with his current employment at Advenovation and Aptura and his interactions with parties other than Braintech (or RVT) within the vision-guided robotics and machine vision systems industries. (*See* Doc. # 9-3; Def. Ex. B, 2011 Virginia Complaint). They are not tied to the allegations that Shafi fraudulently induced Braintech into purchasing SI and SII and failed to perform his COO duties.

The Sixth Circuit's opinion in *McCoy* is persuasive and instructive. There, the court applied Michigan res judicata law and held that res judicata did not bar a plaintiff's 2006 federal action despite the plaintiff's 1999 action in state court against the same defendants. *McCoy*, 369 Fed. Appx. at 649. The court observed:

> [A]lthough the state-court litigation and the instant case both involve claims of discrimination and retaliation, they neither resulted from nor are they tied to the same MDOC actions. The gravamen of McCoy's federal complaint is that his 2004 termination and the activities and complaints surrounding that termination, which took place from June 2004 onward, are, despite everything that may have occurred previously, themselves actionable. In essence, the origin of the two claims is simply not the same. *Cf. Brownridge* [*v. Michigan Mut. Ins. Co.*, 115 Mich. App. 745, 321 N.W.2d 798, 799 (1982)] ("Since both actions arose out of the same discharge from employment, both actions arose out of the same transaction, both actions involved points which properly belonged to the subject of litigation, and both involved the same matter in issue." (alteration and quotation marks omitted)); *Young* [*v. Twp. of Green Oak*, 471 F.3d 674, 681 (6th Cir. 2006)] (holding that res judicata properly barred claims based on an employer's decision to terminate an employee because the termination "was not a fresh act of discrimination"; rather "it was the same decision" not to allow the employee to return to work that the employee had challenged previously); *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) ("Both the first and the second suits seek to

>  remedy a single alleged wrong[, which was] the discharge of Cemer by Marathon.").

*McCoy*, 369 Fed. Appx. at 651.

The origin of the 2009 and 2011 claims is simply not the same. This 2011 Complaint alleges "new and independent claims" that relate to Shafi's conduct long after the Sale Agreements at issue in 2009 were finalized, and after Shafi left Braintech and formed a new company, Advenovation. *See McCoy*, 369 Fed. Appx. at 651 ("Although Michigan employs a broad view of res judicata, we do not believe that the preclusion of claims that could have been resolved in the previous litigation necessarily includes new and independent claims that arise after the original pleading in the first suit has been filed.").

In his original motion, Shafi urged that because "[t]he majority of facts in the 2009 case were copied and pasted to the complaint in the 2011 case," the 2011 Complaint "unquestionably arose from the transaction, or series of connected transactions, out of which the 2009 action arose." (Doc. # 9 at 13, 14). This reasoning is unavailing; the *McCoy* court stated, "mere background information" in a complaint about the relationship between the parties, that covers the time period and describes some of the incidents alleged in a former complaint, does not mean the two complaints have the same point of origin or comprise the same transaction. *McCoy*, 369 Fed. Appx. at 651.

Likewise, the motivation underlying the 2009 and 2011 suits is different. In 2009, Braintech was motivated by Shafi's false statements and deceptive conduct about his companies and products; it desired to no longer be associated with those companies or have an obligation to pay him or his creditors. Now, Plaintiffs are motivated by Shafi's

defamatory statements about RVT and Braintech and his unlawful competition with RVT; they are concerned that Shafi's conduct will hurt their reputation and ability to compete in the marketplace.

The *McCoy* court dismissed an argument similar to the one Shafi now makes, that Braintech was required to amend its 2009 Complaint to allege unfair competition, breach of non-competition agreement, and defamation simply because those claims became ripe before the first action was resolved:

> Perhaps if an additional manifestation of the initial claim that McCoy had asserted in the state-court litigation subsequently had arisen before the state-court litigation's adjudication on the merits, McCoy may well have been "obliged to amend his ... initial complaint to add these new allegations." *Dubuc*, 312 F.3d at 750. But, as discussed above, the facts alleged in his instant complaint revolve around McCoy's 2004 termination and are not part of the same transaction upon which the state-court litigation was based. *Cf. id.* at 751 ("When, as here, it is obvious that the alleged ongoing retaliation is actually the defendant continuing on the same course of conduct, which has previously been found by a court to be proper, a subsequent court must conclude that the plaintiff is simply trying to relitigate the same claim."); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993) ("[E]ven if a plaintiff is aware of the factual basis for a suit at the filing of another suit, he or she is not obligated to bring all claims together if they do not arise out of the same transaction.").

*McCoy*, 369 Fed. Appx. at 652.

As the *McCoy* court observed, courts that held a second action barred by a prior one under Michigan res judicata law also found transactional relatedness based on a continuing course of conduct by the defendant that gave rise to the claims alleged in both complaints. *See, e.g.*, *Buck,* 597 F.3d at 817 (holding that res judicata barred plaintiff's second lawsuit because the fact allegations underlying the suit were the same as those underlying the first – though they covered a different time period – and were thus a part of the same transaction as the first); *Yinger v. City of Dearborn*, No. 96-

2384, 132 F.3d 35, 1997 WL 735323, at *4 (6th Cir. Nov. 18, 1997) (table) ("In this case, the operative, allegedly discriminatory, decision underlying all of plaintiff's claims was the City's decision not to return plaintiff to work....Since the operative decision occurred prior to the date on which plaintiff filed the second lawsuit in the Wayne County Circuit Court, the principle of res judicata clearly bars plaintiff's claims."); *Adair*, 470 Mich. at 125-26 & n. 16 (holding plaintiffs' claims in second lawsuit alleging a violation by the state of Michigan of the Headlee Amendment to the Michigan Constitution were barred by res judicata because the claims were "indistinguishable" from those of the first suit, concerned the same amendment, and existed during the pendency of that suit). These cases are distinguishable from the facts here; the conduct underlying this lawsuit is new and independent from the conduct underlying the 2009 rescission action.

That the relationship between Shafi and Plaintiffs began in 2008 when they entered into the Sale Agreements, and this action would not exist had they not entered into a business relationship at that time, does not affect the outcome. *See, e.g.*, *Banks*, 271 Mich. App. at 230-31. In *Banks*, the Michigan court of appeals held that res judicata did not bar an injured worker's workers' compensation claim arising from a neck injury even though the injury occurred prior to the final disposition of an earlier claim based on an elbow injury, and both injuries arose from the same relationship between the parties. *Id.* The court reasoned:

> In the instant case, the two claims were separated by a span of more than 5 ½ years and apparently occurred in two different places. Although the claims originated from the same relationship and were motivated by a similar desire to recover benefits, the injuries originated from two totally separate incidents....Under the circumstances, the two injuries were not conveniently packaged for one trial. Therefore, the "transactional" factors weigh heavily in favor of finding that the separate injuries did not arise

9

from the same transaction.

*Id.* Similarly, Plaintiffs' claims against Shafi for defamation and unlawful competition and Braintech's 2009 claim for rescission did not form a convenient unit for trial. The different time periods, fact allegations, and evidence required to prove the claims weigh in favor of finding separate causes of action that did not arise from the same transaction.

### V.  CONCLUSION

Plaintiff fails to demonstrate that application of Michigan res judicata rules results in a different disposition of the case under E.D. Mich. LR 7.1(h)(3).

Accordingly, the Court **DENIES** Shafi's Motion to Reconsider.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 30, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 30, 2011.

s/Carol A. Pinegar
Deputy Clerk