UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

        Case No. 11-12909

   Plaintiffs,        Hon. Victoria A. Roberts

vs

ADIL SHAFI,

   Defendant.
_____/

## DEFENDANT ADIL SHAFI'S
## ANSWER TO SECOND AMENDED COMPLAINT

Defendant Adil Shafi ("defendant" or "Shafi"), by and through his attorneys, Berry Moorman P.C., submits its Answer to Complaint as follows:

1. Admitted.

2. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

3. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Shafi admits that based upon the allegations made, diversity jurisdiction exists.

10. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Defendant hereby incorporates the preceding paragraphs.

15. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Shafi admits that he was advanced $50,000.00 and Denies the remainder of the paragraph for the reason that same is untrue.

20. Shafi admits that he entered into more than six agreements said agreements, but states that Plaintiffs waived enforcement of those agreements when it moved to rescind them and Braintech and Weidinger did not live up to their contractual obligations.

21. Shafi admits that he entered into said agreement, but states that Plaintiffs waived enforcement of the agreement when it moved to rescind it.

22. The Share Purchase Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

23. The Share Purchase Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

24. The Share Purchase Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

25. Denied as untrue.

26. The Share Purchase Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

27. Denied as untrue.

28. Denied as untrue.

29. Denied as untrue.

30. Denied as untrue.

31. Denied as untrue.

32. Denied as untrue.

33. Denied as untrue.

34. Denied as untrue.

35. Denied as untrue.

36. Denied as untrue.

37. Denied as untrue.

38. Denied as untrue.

39. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

40. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

41. Denied as untrue.

42. Denied as untrue.

43. Admits that a Non-Competition Agreement was signed.

44. The Non-Competition Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

45. The Non-Competition Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

46. The Non-Competition Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

47. Denied as untrue.

48. Admitted.

49. Admitted.

50. Denied as untrue.

51. Neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

52. Admits that said information is on Shafi's website, but denies the remainder of the paragraph as untrue.

53. Admits that said information is on Shafi's website, but denies the remainder of the paragraph as untrue.

54. Admits that said information is on Shafi's website, but denies the remainder of the paragraph as untrue.

55. Admits that said information is on Shafi's website, but denies the remainder of the paragraph as untrue.

56. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

57. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

58. Denied as untrue.

59. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

60. Denied as untrue.

61. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

62. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

63. Admitted.

64. Admitted.

65. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

66. Denied as untrue.

67. Denied as untrue.

68. Denied as untrue.

69. Denied as untrue.

70. Denied as untrue.

71. Denied as untrue.

72. Denied as untrue.

73. Denied as untrue.

74. Denied as untrue.

75. Denied as untrue.

76. Denied as untrue.

77. Denied as untrue.

78. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

79. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

80. Defendant hereby incorporates the preceding paragraphs.

81. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

82. The Non-Competition Agreement speaks for itself, therefore this allegation is neither admitted nor denied for lack of information sufficient to form a belief as to the truth of the matters asserted.

83. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

84. Denied as untrue.

85. Denied as untrue.

86. Denied as untrue.

87. Denied as untrue.

88. Denied as untrue.

89. Denied as untrue.

90. Admits that the robotic industry is lucrative and denies the remainder of the paragraph.

91. Denied as untrue.

92. Asks for a legal remedy and Defendant does not concur.

93. Defendant hereby incorporates the preceding paragraphs.

94. Denied as untrue.

95. Denied as untrue.

96. Denied as untrue.

97. Denied as untrue.

98. Denied as untrue.

99. Denied as untrue.

100. Denied as untrue.

101. Denied as untrue.

102. Denied as untrue.

103. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

104. Denied as untrue.

105. Denied as untrue.

106. Denied as untrue.

107. Denied as untrue.

108. Asks for a legal remedy and Defendant does not concur.

109. Defendant hereby incorporates the preceding paragraphs.

110. Denied as untrue.

111. Defendant neither admits nor denies this incomplete thought.

112. Admitted.

113. Admitted.

114. Admitted.

115. Admitted.

116. Denied as untrue.

117. Denied as untrue.

118. Denied as untrue.

119. Denied as untrue.

120. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

121. States a legal conclusion and therefore requires no response. To the extent facts are alleged, Defendant denies the allegations.

122. Denied as untrue.

123. Admits that the robotic industry is lucrative and denies the remainder of the paragraph.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss this cause of action and award Defendant reasonable costs and attorney fees as well as interest and any and all other monetary awards as this Court deems just and equitable.

Respectfully submitted,

/s/ Noah S. Hurwitz
Sheryl A. Laughren (P34697)
David M. Foy (P42574)
Noah S. Hurwitz (P74063)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

Dated: February 14, 2012

**AFFIRMATIVE DEFENSES**

Defendant Adil Shafi ("defendant" or "Shafi"), by and through his attorneys, Berry Moorman P.C., and by way of affirmative defense, states as follows:

1. Plaintiff's claims have failed to state a cause of action upon which relief can be granted;

2. Plaintiffs' Breach of Non-Competition claim is barred because Defendant is not required to abide by the Non-Competition Agreement as there has been a failure of a condition precedent which would trigger said Agreement.

3. Plaintiffs' Breach of Non-Competition claim is barred by Waiver because Plaintiffs materially breached the Share Purchase Agreement and thereby waived any right to claim a breach of said agreement.

4. Plaintiffs' Breach of Non-Competition claim is barred by Estoppel, such that Plaintiffs moved for rescission of Shafi's contract, including the non-competition agreement that gives rise to Plaintiffs' claim for Breach of Non-Competition Agreement, Plaintiffs cannot enforce said agreement in this matter.

5. Plaintiffs' Breach of Non-Competition claim is barred by Excused Performance because once Plaintiffs breached the parties' agreement, Shafi was no longer obligated to perform under the parties' agreement.

6. Plaintiffs' Unfair Competition claim is barred by Fair Use in distinguishing Defendant's product or service from Plaintiffs' product or service.

7. Plaintiffs' Defamation claim is barred because even if the alleged statements were attributable to Shafi, they were substantially true.

8. All of Plaintiffs' claims are barred because they did not incur any injury or damages cognizable at law.

9. All of Plaintiffs' claims are barred by statute of limitations because they were untimely filed.

10. Plaintiffs' injuries and damages, if any, were caused by the acts of Plaintiffs and their representatives, for which Shafi is not responsible.

11. Defendant reserves the right to amend its affirmative defenses and to add any counter-claims which become known or available upon further information and discovery.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss this cause of action and award Defendant reasonable costs and attorney fees as well as interest and any and all other monetary awards as this Court deems just and equitable.

        Respectfully submitted,

        /s/  Noah S. Hurwitz\
        Sheryl A. Laughren (P34697)\
        David M. Foy (P42574)\
        Noah S. Hurwitz (P74063)\
        BERRY MOORMAN P.C.\
        Attorneys for Adil Shafi\
        535 Griswold, Suite 1900\
        Detroit, Michigan 48226\
        (313) 496-1200

Dated: February 14, 2012

        **Respectfully submitted,**

/s/  Noah S. Hurwitz_____
Sheryl A. Laughren (P34697)
David M. Foy (P42574)
Noah S. Hurwitz (P74063)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi
535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of such filing (NEF) to the following:

| | |
|---|---|
| Sheryl A. Laughren (P34697) | Anne Widlak (P35763) |
| David M. Foy (P42574) | Susan D. Koval (P59297) |
| BERRY MOORMAN P.C. | NEMETH BURWELL, P.C. |
| Attorneys for Adil Shafi | Attorneys for Braintech, Inc. |
| 535 Griswold, Suite 1900 | 200 Talon Centre Drive, Suite 200 |
| Detroit, Michigan 48226 | Detroit, Michigan 48207 |
| (313) 496-1200 | (313) 567-5921 |

Thomas G. McNeill (P36895)
Attorney for Weidinger, Robotic Vision Technologies
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500
tmcneill@dickinsonwright.com