UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

        Plaintiffs,

vs

ADIL SHAFI,

        Defendant.
_____/

Case No. 11-12909
Hon. Victoria A. Roberts

### DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' DEFAMATION CLAIM

NOW COMES Defendant Adil Shafi, by and through his attorneys, Berry Moorman P.C., and for his Motion to Dismiss Plaintiff's Defamation Claim, pursuant to Fed. R. Civ. P. 12(b)(6), states as follows:

As explained more fully in the accompanying brief, which is incorporated herein by reference, Shafi is entitled to dismissal of Plaintiffs' defamation claim because the defamation claim is not stated with particularity. <u>Concurrence in the relief requested was sought pursuant to LR 7.1(a) and denied.</u>

**WHEREFORE**, Defendant requests that the Court dismiss Plaintiffs' defamation claim with prejudice.

        Respectfully submitted,
        /s/ Noah S. Hurwitz_____
        Sheryl A. Laughren (P34697)
        David M. Foy (P42574)
        Noah S. Hurwitz (P74063)
        BERRY MOORMAN P.C.
        Attorneys for Adil Shafi
        535 Griswold, Suite 1900
        Detroit, MI 48226

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

    Plaintiff                                      Case No. 11-12909

vs                                                     Hon. Victoria A. Roberts

ADIL SHAFI,

    Defendant.
_____/

## DEFENDANT ADIL SHAFI'S BRIEF IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' DEFAMATION CLAIM

{00048639;v1 }　　　　　　　　　　　2

**TABLE OF CONTENTS**

CONTROLLING AUTHORITY…………………………………………………………...……iii

INDEX OF AUTHORITIES..……………………………….…….……...………….....…….iv

STATEMENT OF QUESTIONS PRESENTED…………..…………………….…....…...……..v

INTRODUCTION.……………………………………………………………………………1

STANDARD OF REVIEW.……………………………………………….….………..………..1

ARGUMENT.............................................................................................................................2

CONCLUSION...........................................................................................................................3

## CONTROLLING/MOST APPROPRIATE AUTHORITIES

*Rouch v. Enquirer & News*, 440 Mich. 238, 272 (Mich. 1992)

# INDEX OF AUTHORITIES

**Cases**
*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). ............................................................1
*Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). ..........................................................2
*Hernden v Consumers Power Co*, 72 Mich. App. 349, 356; 249 N.W.2d 419 (Mich. Ct. App. 1976) ........2
*Ledl v. Quick Pik Food Stores, Inc*, 133 Mich. App. 583, 589; 349 N.W.2d 529 (Mich. Ct. App. 1984) .....2
*Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 422 (2005) ............................................................2
*RMI Titanium Co. v. Westinghouse*, 78 F.3d, 1125, 1134 (6th Cir. 1996)....................................................1
*Rouch v. Enquirer & News*, 440 Mich. 238, 272 (Mich. 1992) ....................................................................2

# STATEMENT OF QUESTION PRESENTED

1. **SHOULD PLAINTIFFS' DEFAMATION CLAIM BE DISMISSED WHERE THE CLAIM IS NOT STATED WITH SUFFICIENT PARTICULARITY?**

    DEFENDANT SAYS "YES"

## INTRODUCTION

In support of his 12(b)(6) motion to dismiss Plaintiffs' defamation claim, Adil Shafi provides this Brief addressing the issues presented.

On May 24, 2010, Robotic Vision Technologies, LLC purchased Braintech's assets at public auction. On March 14, 2011, RVT and Weidinger filed a Complaint against Shafi in the Eastern District of Virginia. On July 1, 2011, the Virginia Court granted Shafi's Motion to transfer the case here. On December 19, 2011, this Court denied Shafi's motion to dismiss Counts II, III, and IV, alleging Breach of Non-Competition Agreement, Defamation, and Unfair Competition. However, the Court held that Plaintiffs' defamation allegations lacked "sufficient particularity under Michigan law" and stated that it would grant summary judgment if Plaintiffs cannot "remedy the particularity problem."

Plaintiffs' Second Amended Complaint and Jury Demand (Doc#22, pp. 20-23) did not remedy the particularity problem. Plaintiffs merely alleged that Shafi informed others that Weidinger fraudulently induced him into selling his companies, did "great injustice" to Weidinger, told others that Weidinger violated agreements, and that Braintech was in a "poor situation." Plaintiffs' allegation notably lacked any dates or places where the alleged defamation occurred.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse*, 78 F.3d, 1125, 1134 (6th Cir. 1996). As the Supreme Court recently held in *Iqbal*, "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## ARGUMENT

Plaintiffs' Count II of the Second Amended Complaint fails to state with particularity when the statements that constituted defamation occurred and what circumstances surrounded the publication. In Michigan, defamation requires: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault amount to *at least negligence* on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or the existence of special harm caused by publication. *Mitan v. Campbell*, 474 Mich. 21, 24, 706 N.W.2d 420, 422 (2005). The allegations underlying a defamation claim must be stated with particularity, which invokes the "well-established rule that a defamation plaintiff must plead with specificity who published the defamatory statement, **when it was published**, and, most importantly, a plaintiff must identify the precise materially false statement published." (emphasis added) *Rouch v. Enquirer & News*, 440 Mich. 238, 272 (Mich. 1992)*; Ledl v. Quick Pik Food Stores, Inc*, 133 Mich. App. 583, 589; 349 N.W.2d 529 (Mich. Ct. App. 1984); *Hernden v Consumers Power Co*, 72 Mich. App. 349, 356; 249 N.W.2d 419 (Mich. Ct. App. 1976).

However, Plaintiffs' defamation allegations fail to specifically articulate when any of the defamatory statements were made. Given that Plaintiffs filed their initial Complaint in this matter on March 14, 2011, it is necessary for Plaintiff to allege defamatory remarks occurring after

{00036951;v1 }                                              2

March 14, 2010, in order for the claim to be timely filed. The Michigan statute of limitations is one year for an action charging libel or slander. *Mitan*, 474 Mich. at 24-25. However, absent any allegations of when the defamation occurred, Shafi cannot properly respond to the timeliness of Plaintiff's claim. Having already given the Plaintiffs an opportunity to correct this problem, they have not done so. Therefore, the Court must dismiss the defamation claim.

## CONCLUSION

Accordingly, dismissal of Plaintiffs' defamation claim is warranted.

**Respectfully submitted,**

/s/  Noah S. Hurwitz_____
Sheryl A. Laughren (P34697)
David M. Foy (P42574)
Noah S. Hurwitz (P74063)
BERRY MOORMAN P.C.
Attorneys for Adil Shafi

Dated February 14, 2012

535 Griswold, Suite 1900
Detroit, Michigan 48226
(313) 496-1200

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/EMF system, which will send notification of such filing (NEF) to the following:


Sheryl A. Laughren (P34697)  
David M. Foy (P42574)  
BERRY MOORMAN P.C.  
Attorneys for Adil Shafi  
535 Griswold, Suite 1900  
Detroit, Michigan 48226  
(313) 496-1200  

Anne Widlak (P35763)  
Susan D. Koval (P59297)  
NEMETH BURWELL, P.C.  
Attorneys for Braintech, Inc.  
200 Talon Centre Drive, Suite 200  
Detroit, Michigan 48207  
(313) 567-5921  

Thomas G. McNeill (P36895)  
Attorney for Weidinger, Robotic Vision Technologies  
500 Woodward Ave, Suite 4000  
Detroit, Michigan 48226  
Tel: 313.223.3500  
tmcneill@dickinsonwright.com