IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ROBOTIC VISION TECHNOLOGIES LLC, a
Nevada Limited Liability Company, and
FREDERICK WEIDINGER, an Individual,

                Plaintiffs,

v.

ADIL SHAFI, an Individual,

                Defendant.
_____/

Case No.: 11-12909
Honorable Victoria A. Roberts

**PLAINTIFF ROBOTICVISION TECHNOLOGIES, LLC, AND FREDERICK WEIDINGER'S RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S DEFAMATION CLAIM**

When, exactly, Defendant Adil Shafi made the defamatory statements admitted to in his prior deposition in the *Braintech* matter is a question of fact to be determined during discovery in this matter. Because a question of fact requiring further discovery exists with respect to this issue, Shafi's most-recent motion to dismiss is premature and must be denied. *See, e.g., Nichols v. Moore*, 334 F. Supp. 2d 944, 951 (E.D. Mich. 2004) (recognizing that summary judgment is not appropriate where a question of fact requiring further discovery exists as to the original date of publication of an allegedly defamatory statement); *see also* Fed. R. Civ. P. 12(b)(6) & (d), & 56(a).

Indeed, Shafi has not cited a single case rebutting this well-established legal principle or supporting a contrary conclusion in this case. Three of the cases cited and relied upon by Shafi do not even mention or involve the statute of limitations for a defamation claim:

1

- *Rouch v. Enquirer & News,* 440 Mich. 238, 284 (Mich. 1992), merely recites the elements of a defamation claim under Michigan law. *Rouch* did not involve, or even mention, the statute of limitations for such a claim and the defendant was ultimately granted summary judgment because the plaintiff failed to present evidence that the alleged defamatory statements were materially false.

- Similarly, the statute of limitations was not an issue or even mentioned in *Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1983). Rather, summary judgment was granted to the defendant in *Ledl* because the plaintiff's complaint failed to set forth "the defamatory words complained of, the connection of the defamatory words with plaintiff, and the publication of the alleged defamatory words." *Id.* In addition, the plaintiff in *Ledl* admitted at the hearing on the defendant's motion for summary judgment that she did not know to whom the allegedly defamatory statements were published. *Id.*

- Likewise, in *Hernden v. Consumers Power Company,* 72 Mich. App. 349 (1976), the defendant was granted summary judgment because the plaintiff "failed to allege where, when, or to whom this statement was published, *or that there even was a publication to anyone other than the plaintiff himself.*" (emphasis added).

The only case cited by Shafi that even involved an issue regarding the statute of limitations, *Mitan v. Campbell,* 474 Mich. 21, 22 (2005), is distinguishable from the instant matter. Unlike here, in *Mitan,* there was no question as to when the original defamatory statement was made, i.e., during a broadcast by WXYZ-TV on February 25, 2000, or that it fell outside the limitations period. *See id.* The only issue in *Mitan* was whether the plaintiff could maintain a defamation claim based on the TV station's republication of the allegedly defamatory statement during the limitations period. *See id.* Applying the rule of first accrual, the court of appeals held that the limitations period ran from the date of the original broadcast and therefore, the plaintiff's claim was barred by the statute of limitations.

Unlike *Mitan* and the foregoing cases, in this case, there is a genuine issue of material fact as to exactly when Defendant Shafi made the defamatory statements admitted to in his deposition. Plaintiffs have sufficiently pled each substantive element of their defamation claim

2

in their Second Amended Complaint; a fact Shafi does not contest in his current motion to dismiss. *See, e.g.,* 2d Am. Compl. ¶¶ 67-78, 93-108. Based on Shafi's admissions in his deposition, Plaintiffs allege that Shafi made these statements in connection with trying to obtain business for his new company which was formed in 2009, and for which Shafi admitted he had been trying to obtain business throughout 2009 and 2010. *See id.* Shafi admitted during his deposition that he made the allegedly defamatory statements "on several occasions" prior to and up to his deposition in July 2010. *See* Pls.' Resp. Mot. to Dismiss, Dkt. #10, Ex. 1, Shafi Dep. Plaintiffs filed their original Complaint on March 14, 2011. Accordingly, as Shafi admits in his motion, any defamatory statements made by him within one year prior to March 14, 2011, fall within the limitations period in this matter.

Viewing these allegations in the light most favorable to Plaintiffs, and drawing all reasonable inferences in favor of Plaintiffs, as the Court must do on a motion to dismiss or for summary judgment, requires a presumption, at this point, that the statements were made within the limitations period. Because Shafi has not presented contrary evidence, his Amended Motion to Dismiss should be denied and discovery should progress on this claim.

Respectfully submitted,

/s/ Michelle L. Alamo
Thomas G. McNeill (P36895)
TMcNeill@dickinsonwright.com
Michelle L. Alamo (P60684)
MAlamo@dickinsonwright.com
DICKINSON WRIGHT PLLC
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500
Fax: 313.223.3598

Dated: March 8, 2012

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2012, the foregoing **RESPONSE TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S DEFAMATION CLAIM** was electronically filed with the ECF of the Eastern District of Michigan and served upon counsel of record via electronic notice.

s/Michelle L. Alamo

DETROIT 49763-1 1239519v1