UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

    Counter-Plaintiff/Third Party Plaintiff,

vs                                                                   Case No: 09-10454
                                                                 Honorable Victoria A. Roberts

FREDERICK WEIDINGER and
BRAINTECH, INC.,

    Third Party Defendant/Counter Defendant.
_____/

and

ROBOTIC VISION TECHNOLOGIES, LLC, and
FREDERICK WEIDINGER, an individual,

    Plaintiffs,

vs                                                                Case No: 11-12909
                                                                 Honorable Victoria A. Roberts
ADIL SHAFI,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFFS' DEFAMATION CLAIM**

    Before the Court is Defendant Adil Shafi's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Defamation Claim in case no. 11-12909. (Doc. # 27). In November 2011, Defendant also moved to dismiss this and other counts of Plaintiffs' Complaint. (Doc. # 9). With regard to the defamation count, Shafi argued in November, as he does now, that Plaintiffs' Complaint lacked sufficient specificity under Michigan law. On December

1

19, 2011, the Court denied Defendant's motion to dismiss the defamation claim; however, the Court agreed with Defendant that the Complaint lacked sufficient particularity and granted Plaintiffs leave to amend the Complaint. (Doc. # 12 at 20-22).

On January 25, 2012, Plaintiffs filed a Second Amended Complaint and Jury Demand. (Doc. # 22). This Complaint provides some of the specifics that the Amended Complaint lacked, but Defendant says it is still insufficient because it fails to set forth the dates on which the allegedly defamatory remarks were made. Defendant says there is a one-year statute of limitations for defamation claims. Plaintiffs filed their original Complaint on March 14, 2011; thus, to be actionable, Shafi's allegedly defamatory remarks must have been made after March 14, 2010, Defendant contends. He says he cannot determine whether Plaintiffs' defamation claim is timely because there are no dates alleged in the Complaint; he asks the Court to dismiss this claim for lack of specificity.

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) "'only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief.'" *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008) (quoting *Downie v. City of Middleburg Heights*, 301 F.3d 688, 693 (6th Cir. 2002)). The court treats all well-pleaded allegations in the complaint as true. *Id.* However, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff must include in the complaint "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

2

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2010).

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct entitling the plaintiff to relief]." *Twombly*, 550 U.S. at 556. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but has not 'shown' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

In Michigan, there is a "well-established rule that a defamation plaintiff must plead with specificity who published the defamatory statement, *when it was published*, and, most importantly, a plaintiff must identify the precise materially false statement published." *Rouch v. Enquirer & News of Battle Creek Michigan*, 440 Mich. 238, 272 487 N.W.2d 205 (1992) (emphasis added). It is important that the plaintiff indicate when the allegedly defamatory statements were made because of the one-year statute of limitations for defamation claims. *See* M.C.L. 600.5805(9).

As Plaintiffs emphasize in their Response, discovery is ongoing. The discovery cutoff date is June 15, 2012 and the parties have until July 31, 2012 to file dispositive motions. (Doc. # 18). Plaintiffs urge, "Because a question of fact requiring further discovery exists with respect to this issue, Shafi's most-recent motion to dismiss is premature and must be denied." (Doc. # 32 at 1). The Court agrees. *See, e.g.*, *Nichols v. Moore*, 334 F. Supp. 2d 944, 951 (E.D. Mich. 2004) (recognizing that generally before summary judgment is appropriate, the plaintiff must be "afforded an opportunity for

meaningful discovery"); *Ben-Tech Indus. Automation v. Oakland Univ.*, No. 247471, 2005 WL 50131, at *3 (Mich. Ct. App. Jan. 11, 2005) (per curiam) (lower court erred in dismissing plaintiffs' defamation claim for failing to identify specific individuals to whom the allegedly defamatory statements were published in part because "discovery remained open").

The Second Amended Complaint, which was filed January 25, 2012, says Defendant "has in the past, *and continues today* to, disparage Braintech, RVT, and Weidinger . . . ." (Doc. # 22 at 14 ¶ 67) (emphasis added). He allegedly did so to obtain business for a company he formed in 2009, and "for which Shafi admitted he had been trying to obtain business throughout 2009 *and 2010*." (Doc. # 32 at 2) (emphasis added). These fact allegations – which the Court must accept as true – raise a reasonable expectation that discovery will reveal evidence that Defendant made the statements at issue within one year prior to March 14, 2011. *See Twombly*, 550 U.S. at 556. If, after the close of discovery, Defendant can show there is no genuine dispute that the allegedly defamatory remarks were made outside of the limitations period, he will be entitled to judgment as a matter of law on this count. *See* Fed. R. Civ. P. 56(a).

Accordingly, Defendant's Motion to Dismiss is **DENIED.**

Plaintiffs have until **June 23, 2012** to amend their Complaint to indicate when each allegedly defamatory statement was made.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 1, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 1, 2012.

S/Linda Vertriest
Deputy Clerk