UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

        Plaintiffs,

vs.

ADIL SHAFI,

        Defendant.
_____/

Case No. 11-12909

Hon. Victoria A. Roberts

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT ADIL SHAFI AND HIS COMPANY, ADVENOVATION

Plaintiffs Robotic VISION Technologies, LLC and Frederick Weidinger respectfully request an Order compelling Defendant Adil Shafi ("Shafi") and his company, Advenovation, to produce all documents responsive to Plaintiffs' First Request for Production of Documents and Things and Plaintiffs' document subpoena served upon Advenovation.

In support of this motion, Plaintiffs rely upon the facts, legal authorities and argument set forth in the accompanying brief.

Pursuant to Local Rule 7.1, Plaintiffs' counsel sought concurrence from Shafi's counsel, which was not conferred.

        Respectfully submitted,

        DICKINSON WRIGHT PLLC

        /s/     Thomas G. McNeill
        Thomas G. McNeill (P36895)
        Michelle L. Alamo (P60684)
        500 Woodward Ave, Suite 4000
        Detroit, Michigan 48226
        Tel:  313.223.3500
        tmcneill@dickinsonwright.com

Dated: February 4, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

        Plaintiffs,

vs.                                      Case No. 11-12909

ADIL SHAFI,                          Hon. Victoria A. Roberts

        Defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM
DEFENDANT ADIL SHAFI AND HIS COMPANY, ADVENOVATION**

## ISSUES PRESENTED

1. Should Defendant Adil Shafi should be compelled to produce all materials responsive to Plaintiffs' First Request for Production of Documents and Things where (a) the documents and the requested exemplar source codes sought are both relevant and not privileged, (b) Shafi relies upon a single boilerplate objection in response to each of 37 requests, (c) Shafi has no produced a single document in response?

2. By failing to respond to Plaintiffs' subpoena, has Advenovation, Shafi's present company, waived all objections and otherwise should be compelled to produce all documents and exemplar source codes responsive to the subpoena?

3. Should Shafi should be ordered to pay Plaintiffs' actual attorneys' fees incurred with respect to this motion?

# CONTROLLING OR MOST APPROPRIATE AUTHORITIES

## A. Shafi Should Be Required to Produce All Documents

### Rules

Fed. R. Civ. P. 26(b)(1) and 34

### Cases

*Akins v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 82806 ( E.D. Mich. July 28, 2011)

*Hickman v. Taylor,* 329 U.S. 495, 501 (1974)

*Kane v. Nat'l Action Fin. Servs.,* 2012 U.S. Dist. LEXIS 66219 at *19-20 (E.D. Mich., May 11, 2012)

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)

*Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir.1991)

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512-13 (2002)

## B. Advenovation Has Waived All Objections

### Rules

Fed. R. Civ. P. 45(c)(2)(B)

### Cases

*Halawani v. Wolfenbarger*, 2008 U.S. Dist. LEXIS 100482 (E.D. Mich. Dec. 10, 2008)(Hon. Victoria A. Roberts)

*In re DG Acquisition Corp.,* 151 F.3d 75 (2nd Cir. 1998)

*Krewson v. City of Quincy,* 120 F.R.D. 6 (D. Mass. 1988)

*Moon v. SCP Pool Corp.,* 232 F.R.D. 633 (C.D. Ca. 2005).

*Techsearch Servs. v. Gorman,* 1999 U.S. Dist. LEXIS 518 (S.D.N.Y. Jan. 20, 1999).

## C. Shafi Should be Sanctioned for His Contumacious Conduct

Fed.R.Civ.P. 37(a)(3)(b)

**INTRODUCTION**

This case has been slow moving, in large measure due to the death of Defendant Adil Shafi's first lawyer and the withdrawal of his second lawyer. Now his third lawyer has contributed to this delay by refusing to produce a single document and instead has: (a) baselessly objected to every single document request propounded to Shafi; and (b) failed to provide any response to the document subpoena served upon Shafi's current company, non-party Advenovation. Plaintiff's counsel has undertaken repeated efforts to resolve, or narrow, the issues arising out of Shafi's blanket objections, but Shafi has not made any concession and still refuses to produce a single document. Plaintiffs now file this motion to compel.

**I. PROCEDURAL BACKGROUND**

**A. Plaintiffs' Claims**

Defendant Adil Shafi is the former president and sole shareholder of SHAFI, Inc., and SHAFI Innovation, which primarily developed and marketed vision-guided robotics software, known as "Reliabot," and provided support and training services to a variety of industries. In August, 2008, Braintech, Inc. acquired Shafi's companies, and the Reliabot software. As part of the transaction, Shafi became COO and Director of Braintech. Braintech's acquisition of Shafi's companies, however, was a complete failure; and three months after the deal closed, in November, 2008, Braintech terminated Shafi's employment for cause. Under the acquisition documents, upon termination for cause Shafi is subject to a three year non-competition agreement.[1]

Shortly after Shafi's termination, Braintech filed a lawsuit in this Court to rescind the entire transaction and to return the parties to their respective pre-transaction positions; and Shafi filed counterclaims against Braintech and third party claims against Braintech's CEO, Frederick

---

[1] Shafi contests that Braintech terminated his employment for cause.

3

Weidinger. *Braintech, Inc. v. Shafi v. Frederick Weidinger*, case no. Case No. 09-10454 (the "Braintech Case"). That case remains pending upon Shafi's employment contract counterclaims against the defunct Braintech (but the Court dismissed Shafi's tort counterclaims).[2] The Court granted summary judgment in favor Weidinger on all of Shafi's third party claims, dismissing him entirely from the case. The Court also dismissed Braintech's Complaint for failure to prosecute (because Braintech then had no management, employees, assets, resources or counsel).

During the pendency of the Braintech case, on May 24, 2010, Robotic VISIONS Technology, LLC ("RVT") purchased at a public auction all of Braintech's assets and intellectual property, including Braintech's Reliabot software and its underlying source code.

During his deposition in the Braintech Case, Shafi admitted that he had organized and created a new company, Advenovation, that competed directly with Braintech and now competes with RVT. Shafi also admitted that, at the time of his deposition, he was working as a sales representative for Aptura Machine Vision Systems ("Aptura"). Aptura wrote the original Reliabot source code for Shafi, and Aptura has acknowledged that it has retained a copy of that source code that rightfully belongs to RVT. It is suspected that Shafi has utilized the original Reliabot source code, or a derivative of it, in connection with his work for Advenovation and Aptura. It is further suspected that Shafi is utilizing other Braintech/RVT source code(s) to which he had access during his three month employment at Braintech.

On March 14, 2011, RVT and Weidinger ("Plaintiffs") commenced this action in the U.S. District Court for the Eastern District of Virginia. After motion practice in that court and this Court, in their Second Amended Complaint (dated January 25, 2012), Plaintiffs assert three

---

[2] In regard to Shafi's meritless counterclaims, Braintech is represented by Nemeth Burwell, under an employer liability insurance policy which provides for the cost of defense but not indemnity for a judgment or any other loss on the counterclaims alleged by Shafi.

4

claims against Shafi: (1) Breach of Non-Competition Agreement (Count I), Defamation (Count II), and Unfair Competition (Count III). *See*, 2d Am. Compl., Dkt. No. 22.

### B. Plaintiffs' Document Requests and Subpoena

On April 23, 2012, Plaintiffs served Shafi with their First Request for Production of Documents (37 in number). *See*, Exhibit 1. On that same day, Plaintiffs served a document subpoena upon Advenovation (also 37 in number) expressly requiring a response by May 7, 2012. *See*, Exhibit 2. Plaintiffs' document requests to both Shafi and Advenovation were narrowly drawn in all regards to collect information that is directly relevant to Plaintiffs' claims in this litigation, namely:

- Agreements between Shafi and certain competing entities and individuals (see, for example, Requests 1, 2, 3, and 5), which are relevant to Plaintiffs' claim that Shafi is competing with Plaintiffs in the machine vision and/or vision guided robot field in violation of his Non-Competition Agreement and the law;

- Communications between Shafi and certain competitors regarding the sale and advertisement of the subject software and services (see Requests 6, 7, 11, and 24), which are relevant to Plaintiffs' claims that Shafi is violating his Non-Competition Agreement, unfairly competing with Plaintiffs, and defaming Plaintiffs and its principals;

- Documents evidencing the advertising and promotion of the competing software and services (see Requests 10, 13, 20, 21, 22, and 23), which would support Plaintiffs' claims;

- Documents related to the design or development of the subject software (see Requests 4, 7, 8, 9, 16, 18, 19, and 25-27), which will reveal the scope of Shafi's competing activities;

- Other documents related to Shafi's defamation of Plaintiffs (see Request 17);

- Documents evidencing the ill-gotten profits derived from Shafi's wrongful activities (see Requests 8, 14, 15, 28-30, and 33-37), which are relevant to determining Plaintiffs' damages; and

- Documents necessary to ascertain the identity of potential witnesses (see Request 32).

On November 5, 2012, Shafi finally served his responses to Plaintiffs' requests.[3] Shafi produced no documents and instead interposed the exact same boilerplate objection to each request:

> Defendant objects to this request on the grounds that it requests the production of documents and things that contain <u>proprietary information</u> regarding Defendant's business including, but not limited to:
>
>     a.    Pricing.
>
>     b.    Terms and conditions of contracts.
>
>     c.    Identity of clients.
>
>     d.    Computer code and product information and <u>other trade secret information</u> that makes Defendant's business unique and competitive.
>
> And for the further reason that the documents and things requested are <u>not relevant</u> nor are they likely to lead to the discovery of relevant information.
>
> *See* Exhibit 3 (emphasis added).

Advenovation has not responded to the subpoena at all.

On January 2, 9, 10 and 11, Plaintiffs' counsel communicated with Shafi's counsel by email and telephone. Those exchanges included Plaintiffs' counsel's proposal for a "two level" protective order to address whatever "confidentiality" concerns Shafi may have, with: (1) one level of confidentiality providing access to the parties, their counsel and court personnel; and (2) a more restrictive level for "attorneys and experts only" for any information that legitimately is trade secret-based (given that RVT and Advenovation apparently are in direct competition). Shafi's counsel was unable to explain the applicability of a blanket objection to every discovery

---

[3] The Court entered several stays of proceeding as Shafi's second attorney got up to speed, as Shafi sought a third attorney after the second withdrew, then as Shafi's third attorney worked out terms for payment of their fees and costs and finally as the third attorney got up to speed. All of those extensions are now long expired.

request, was unable to respond to the offer of a protective order, and indicated he could do nothing without Shafi's authorization, which apparently was not forthcoming.

## II. ARGUMENT

### A. SHAFI'S OBJECTIONS ARE SPECIOUS.

#### 1. Shafi's Assertion that the Requests Seek "Proprietary" and "Trade Secret" Information is Without Merit and, In Any Event, Does Not Excuse Compliance.

Shafi's assertion that Plaintiffs' requests seek sensitive proprietary and trade secret information is simply false -- most (if not all) of the requests do not seek information that could be even remotely considered "proprietary." For example, Shafi asserts that his employment contracts with his new company, Advenovation, and contracts with third parties related to improper conduct (see Responses to Requests 1-3), communications to third-parties that reference Plaintiffs (see Response to Request 11), *Shafi's calendar* (see Response to Request 12), and Shafi and his company, Advenovation's *advertisements* (see Response to Request 13) either are, or contain, "proprietary" or "trade secret" information. There is not even a colorable argument that such documents are "proprietary" or contain "trade secret" information, especially to the extent they were disclosed to third parties or the public in general.

Likewise, Shafi objects to producing all documents, material, information, and source codes in his possession related to the vision-guided robotics and machine vision software and systems that are admittedly owned *by RVT*. To the extent these materials and information are owned by Plaintiffs, Shafi has absolutely no grounds to block their discovery by claiming they contain proprietary or trade secret information owned by him or his company, Advenovation.

Shafi has made no attempt to explain his objections, although it is his burden to establish that the requested information should be exempt from disclosure. *See, Akins v. State Farm Mut. Auto. Ins. Co.*, 2011 U.S. Dist. LEXIS 82806 ( E.D. Mich. July 28, 2011) (where the information

7

does not appear to be proprietary and defendant's objections do not explain why such information would be, an order compelling disclosure is proper). *See also, State Farm Mutual Ins. Co. v. Policherla*, 2009 U.S. Dist. LEXIS 62135 at * 3-4 (E.D. Mich., July 20, 2009).

Shafi has made no attempt to explain how the information falls into a protected category or how disclosure of the requested documents would be harmful to him or Advenovation. The reason for Shafi's failure to explain his objection is obvious – he cannot do so. It is difficult to imagine how items such as calendar entries, public advertising, tax returns, balance sheets, cash flow statements, revenue/sales schedules, and other financial documents, contain allegedly proprietary or trade secret pricing, terms and conditions of contracts, computer code, or other sensitive product information. Shafi's responses make it clear that he simply does not want to participate in discovery.

Even if Shafi were able to justify his objection, he would not be excused from producing the documents and information sought by Plaintiffs. Courts faced with similar objections have routinely ordered that the documents be produced, even if under a protective order.[4] *See, e.g., Kane v. Nat'l Action Fin. Servs.*, 2012 U.S. Dist. LEXIS 66219 at *19-20 (E.D. Mich., May 11, 2012); *Tampone v. Richmond*, 2011 U.S. Dist. LEXIS 43893 (E.D. Mich., Apr. 19, 2011) ("To the extent Defendants argue that customer lists and other information sought are confidential and proprietary. Defendants have failed to allege any specific harm associated with the production of this information. Due to the nature of the information, the Court will, however, allow Defendants to produce the information and documents pursuant to a protective order.").

For these reasons, Shafi should be compelled to produce the requested documents.

---

[4] As previously indicated, although Plaintiffs do not agree that the information sought is proprietary or trade secret, Plaintiffs are willing to enter into an appropriate Protective Order.

8

## 2. The Requested Documents are Directly Relevant to Plaintiffs' Claims in This Matter.

Shafi's interposes a second patently false boilerplate objection to production, that the information sought is not relevant to Plaintiffs' claims in this matter. Even without regard to the markedly broad scope of permissible discovery under the Federal Rules,[5] each of the subject Requests seeks information that is unquestionably directly relevant to the claims and issues involved in this litigation.

As set forth above, agreements between Shafi and certain competing entities and individuals are relevant to Plaintiffs' claim that Shafi is competing with Plaintiffs in the machine vision and/or vision guided robotics field in violation of his Non-Competition Agreement and the common law. Likewise, communications between Shafi and certain competitors regarding the sale and advertisement of the subject software and services are relevant to Plaintiffs' claims that Shafi is violating his Non-Competition Agreement, unfairly competing with Plaintiffs, and defaming Plaintiffs and its principals. Documents evidencing the advertising and promotion of the competing software and services are undeniably relevant to establishing that Shafi was and still is competing with Plaintiffs. Documents related to the design or development of the subject software will reveal the scope and timing of Shafi's competing activities. And correspondence and documents related to third parties are potentially relevant to whether Shafi had defamed or disparaged Plaintiffs and Braintech.

---

[5] The Federal Rules of Civil Procedure are designed to permit broad inquiry into any matter relevant to the pending action. *See e.g., Hickman v. Taylor*, 329 U.S. 495, 501 (1974) (explaining that the Federal Rules are intended to permit parties to inquire into all facts relative to issues in cases and obtain the "fullest possible knowledge" of issues and facts prior to trial). Fed. R. Civ. P. 26(b)(1) states in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence." The district court has broad discretion in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir.1991). The Court should be guided by the strong, overarching policy of allowing liberal discovery. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). The Supreme Court has explained that the "relevancy" requirement of Fed. R. Civ. P. 26(b) should be construed broadly. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

9

Other documents, such as purchase orders and financial records, are relevant to establishing the ill-gotten profits derived from Shafi's wrongful activities and Plaintiffs' damages in this matter. The same documents will, or may, lead to the discovery of potential witnesses to Shafi's improper conduct, defamation, and disparagement.

In summary, all of the requested documents and information are relevant, probative and essential to Plaintiffs' claims that Shafi is: (1) violated his Non-Competition Agreement; (2) unfairly competing with Plaintiffs; and (3) disparaged and defamed Plaintiffs. Shafi's objection to each and every request on the basis of relevance – without any regard whatsoever to the actual documents requested – can only reasonably be viewed as a deliberate attempt to hinder the progress of this case. Shafi should be compelled to produce all documents and materials responsive to Plaintiffs' requests.

### B. ADVENOVATION HAS WAIVED ALL OBJECTIONS

Advenovation never responded to Plaintiffs' subpoena served on April 23, 2012.

Fed.R.Civ.P. 45(c)(2)(B) provides: "The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Failure to serve timely objections to a Rule 45 subpoena waives all grounds of objection, including privilege. *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2nd Cir. 1998); Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Ca. 2005). *See also, Federal Civil Procedure Before Trial,* Schwarzer, Tashima, Wagstaffe (The Rutter Group 2009).

In *Halawani v. Wolfenbarger*, 2008 U.S. Dist. LEXIS 100482 (E.D. Mich. Dec. 10, 2008)(Hon Victoria A. Roberts), a §1983 prisoner civil rights action filed by a state inmate, this Court held, under Fed.R.Civ.P. 45, that MDOC had waived untimely objections to a subpoena

seeking, inter alia, the personnel records of current and former MDOC employees. See, Exhibit 4. The Court applied this standard:

> The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections. *American Electric Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). However, in unusual circumstances and for good cause shown, failure to make timely objection to a subpoena duces tecum will not bar consideration of objection. In re Motorsports Antitrust Litig., 186 F.R.D. 344 (W.D. Va. 1999).
>
> Exhibit 4, at * 11.

*Accord, Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988)("I rule that all of the objections have been waived. If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests." Citations omitted)); *Techsearch Servs. v. Gorman*, 1999 U.S. Dist. LEXIS 518, slip op at *5-6 (S.D.N.Y. Jan. 20, 1999)("[f]ailure to respond timely to a party's request for documents results in a waiver of all objections which could have been seasonably asserted." Citations omitted)).

This Court should not proceed past the issue of waiver, which is entirely dispositive as to the motion to compel as to Advenovation. However, in any event, the arguments in Section II.A of this brief apply with equal force to Advenovation.

## CONCLUSION

Based upon the foregoing, Plaintiffs request that this court enter an order:

(a) compelling Shafi and Advenovation to produce all requested documents within fourteen days; and

(b) requiring Shafi to pay Plaintiffs' actual attorneys' fees incurred with respect to this motion to compel.

        Respectfully submitted,

        DICKINSON WRIGHT PLLC


        /s/    Thomas G. McNeill
        Thomas G. McNeill (P36895)
        Michelle L. Alamo (P60684)
        500 Woodward Ave, Suite 4000
        Detroit, Michigan 48226
        Tel: 313.223.3500
        Fax: 313.223.3598
        tmcneill@dickinsonwright.com


Dated: February 4, 2013

12

## CERTIFICATE OF SERVICE

This is to confirm that a copy of:

**PLAINTIFFS' MOTION TO COMPEL
DOCUMENT PRODUCTION AND BRIEF IN SUPPORT**

were electronically filed on February 4, 2013 via the Court's electronic filing system, which will send notice of the filing to all counsel of record.

>　　/s/ Thomas G. McNeill
>　　Thomas G. McNeill
> DICKINSON WRIGHT PLLC
> 500 Woodward Avenue, Suite 4000
> Detroit, Michigan 48226
> (313) 223-3500
>　　tmcneill@dickinsonwright.com

DETROIT 49763-1 1267118v4