# EXHIBIT 2



500 WOODWARD AVENUE, SUITE 4000
DETROIT, MI 48226-3425
TELEPHONE: (313) 223-3500
FACSIMILE: (313) 223-3598
http://www.dickinsonwright.com

MICHELLE L. ALAMO
MAlamo@dickinsonwright.com
(313) 223-3875

April 23, 2012

**CERTIFIED MAIL;**
**RETURN RECEIPT REQUESTED**

Advenovation, Inc.
7517 Radcliffe
Brighton, MI 48114

Re: **Robotic Vision Technologies LLC, et al v. Adil Shafi**
**U.S. District Court Case No. 11-12909**

Ladies and Gentlemen:

This Firm represents Plaintiffs Robotic VISION Technologies LLC and Frederick Weidinger in a civil lawsuit filed against Defendant Adil Shafi. Enclosed is a Subpoena requesting all documents relating to this matter.

Please forward all records to the undersigned by Monday, May 7, 2012. If you have any questions or concerns, please feel free to give me a call at 313-223-3875.

Thanking you in advance for your assistance in this matter.

Very truly yours,

Michelle L. Alamo

MLA/srb
Enclosures
cc: Sheryl A. Laughren, Attorney for Adil Shafi
    Noah S. Hurwitz, Attorney for Adil Schafi
    Thomas G. McNeill, Attorney for Plaintiffs
    with enclosures

AO 88 (Rev. 12/06) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan
### Subpoena In A Civil Case

ROBOTIC VISION TECHNOLOGIES LLC., et al

V.

ADIL SHAFI, an Individual,

CASE NUMBER:[1] 11-12909

TO: Advenovation, Inc.
7517 Radcliffe
Brighton, MI 48114

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT TO SUBPOENA

| PLACE | DATE AND TIME |
|---|---|
| Dickinson Wright PLLC 500 Woodward Avenue, Suite 4000, Detroit, MI 48226 | May 7, 2012 @ 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | April 23, 2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michelle L. Alamo (P60684)        Dickinson Wright PLLC
Attorney for Plaintiff            500 Wodward Ave. Ste. 4000 Detroit, MI 48226. (313) 223 3500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena

or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not provide discovery of electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from who discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT TO ADVENOVATION SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the term "person" shall mean and include an actual person, partnership, firm, corporation, joint venture, sole proprietorship or any other business or legal or fictional entity of any kind, and their agents and employees.

2. The terms "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the interrogatory request is inclusive rather than exclusive.

3. The term "Document" or "documents" are used in their broadest scope to include everything that is contemplated by the Federal Rules of Civil Procedure, Rules 26 and 34, and shall include without limitation originals and all copies, unless identical, regardless of origin or location, of written, recorded and graphic matter, however produced or reproduced, formal or informal, including without limitation, documents stored in electronic form, such as emails, computer source codes, object code and micro codes, and documents stored on any media accessible by electronic means, and any other writings or documents of whatever description or kind, including attachments or other matters affixed thereto and copies of any of the foregoing in the possession, custody or control of Advenovation, Advenovation's attorneys, any other person acting on Advenovation's behalf, including without limitation any material described above that originally may have been generated by any party hereto and is now in Advenovation's possession, custody or control.

4. Documents "refer" or "relate" to a given subject matter if, whether directly or indirectly, they constitute, contain, embody, reflect, identify, state, evidence, mention, discuss, deal with, comment on, respond to, allude to, describe, analyze, contradict, summarize, review, or are in any way pertinent to that subject matter.

1

5. The word "knowledge" shall include firsthand information, and information derived from any other source, including hearsay knowledge.

6. As used herein, the term "communication" means and includes any and all writings, oral conversations, meetings, and any other exchange of information in any form.

7. The term "thing" means any tangible object other than a document.

8. The term "Complaint" refers to the Complaint filed by Plaintiffs in this case, including as amended or supplemented throughout this litigation.

9. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

10. The singular shall include the plural and vice versa. Any pronoun should be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive. The term "any" includes "all" and "all" includes "any;" "each" includes "every" and "every" includes "each;" and "includes" or "including" means "including, but not limited to."

11. Unless otherwise specified, these requests cover all time periods.

12. All documents and things are to be produced that are in the possession, custody, or control of either Advenovation, or his attorneys, employees, agents or other representatives.

13. With respect to any document responsive hereto which was, but is no longer, in the possession, custody or control of any Advenovations' representatives, Advenovation shall submit a statement setting forth as to each such document what disposition was made of it.

14. If any document covered by this request is withheld under a claim of privilege, Advenovation shall furnish a list prepared by the person supervising the production of

2

documents called for by these Requests, specifically identifying each document for which the privilege is claimed, together with the following information with respect to each document:

    (a)    the basis on which privilege is claimed,

    (b)    the date of the document,

    (c)    the general subject matter,

    (d)    the name and job title of each author who prepared the document and of each person, if any, who signed it,

    (e)    the name and job title of each recipient and person to whom a copy or copies were furnished,

    (f)    the number of pages for each such document withheld, and the identity of the custodian of the original of the document.

15. No specific document request or requests should be construed to limit the scope of any other request, or of any term defined above, and no subpart of any request should be construed to limit the scope of any other subpart of such request.

16. Each request is continuing in nature. If, upon responding to these requests, you learn that the response to any request is in some material respect incomplete or incorrect, you shall promptly supplement the response as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENTS AND THINGS TO BE PRODUCED

1. All written employment, independent contractor, agency, consultant, investor, director, officer, shareholder, partnership, joint venture, ownership, or other agreements between Advenovation, Inc. ("Advenovation") and Adil Shafi, David Dechow, or Aptura Machine Vision Systems ("Aptura").

2. All written employment, independent contractor, agency, consultant, investor, director, officer, shareholder, partnership, joint venture, ownership, or other agreements between

3

Advenovation and Paul Tomasai, Douglas or Karen Abramson, Calvin or Elise White, or Bruce or Patricia Rukkila related to Advenovation and/or the design, development, sale, licensing, or distribution of Machine Vision and/or Vision guided Robotics ("VGR") related software, systems, support, coding, consulting, or other services.

3. All documents referring or relating to Advenovation's design or development of Machine Vision and/or VGR-related systems, software, coding, consulting, or other services since June , 2008, as provided.

4. All contracts, agreements, licenses, or arrangements of any kind relative to the design, development, production, supply, sale, or licensing of Machine Vision and/or VGR-related systems, software, support, coding, or consulting, or other services by Advenovation, as provided.

5. All communications between Advenovation and David Dechow and/or Aptura related to the design, development, production, supply, sale, and/or licensing of Machine Vision and/or VGR-related systems, software, support, coding, or consulting, or other services.

6. All documents referring or relating to contracts, agreements, licenses, or arrangements of any kind relative to the design, development, production, supply and/or sale of Machine Vision and/or VGR-related systems, software, coding, consulting, or other services between Advenovation, and any company or customer, including, but not limited to, the following companies:

    a. Hutchinson;

    b. H.H. Barnum;

    c. Mark One; and

    d. Robotechnology Center

4

7. All purchase orders, invoices, and/or payment records for services related to the design, development, production, supply and/or sale of Machine Vision and/or VGR-related systems, software, support, coding, or consulting, or other services, provided by Advenovation, Adil Shafi, David Dechow, and/or Aptura, to any company or customer, including, but not limited to, the following companies:

    a. Hutchinson;

    b. H.H. Barnum;

    c. Mark One; and

    d. Robotechnology Center.

8. Documents sufficient to identify the scope of Machine Vision and/or VGR-related systems, software, support, coding, or consulting, or other services, provided by Advenovation, Adil Shafi, David Dechow, and/or Aptura, to any company or customer after June 2008, including, but not limited to, the following companies:

    a. Hutchinson;

    b. H.H. Barnum;

    c. Mark One; and

    d. Robotechnology Center.

9. All documents relating to Advenovation's attempts to promote, distribute, license, sell, or otherwise provide Machine Vision and/or VGR-related software, systems, support, coding, consulting or other services to any company or customer, including, but not limited to, the following companies:

    a. Hutchinson;

    b. H.H. Barnum;

5

  c. Mark One;

  d. Robotechnology Center;

  e. Cognex;

  f. Microscan;

  g. PDSI;

  h. Motoman;

  i. Adept Technology;

  j. NorthCoast Technical;

  k. McNaughton McKay – Vision & Traceabiltiy Group;

  l. Gudel;

  m. Kuka;

  n. Matrox;

  o. Hutchinson;

  p. Ford Motor Company; and

  q. ABB.

10 All written communications and online submissions made by Advenovation that mention, discuss, or otherwise make reference to Braintech, Robotic VISION Technologies, and/or Frederick Weidinger, including, but not limited to, any such communications made to the following companies:

  a. Hutchinson;

  b. H.H. Barnum;

  c. Mark One;

  d. Robotechnology Center;

  e.  Cognex;

  f.  Microscan;

  g.  PDSI;

  h.  Motoman;

  i.  Adept Technology;

  j.  NorthCoast Technical;

  k.  McNaughton McKay – Vision & Traceabiltiy Group;

  l.  Gudel;

  m.  Kuka;

  n.  Matrox;

  o.  Hutchinson;

  p.  Ford Motor Company; and

  q.  ABB.

11. All advertising by Advenovation related to or promoting Machine Vision and/or VGR-related software, systems, coding, consulting, or other services since June 1, 2008.

12. Documents sufficient to identify all wages, commissions, or other payments for services made by Advenovation to Adil Shafi, David Dechow, Aptura, or any other third-party related to the design and development of Machine Vision and/or VGR-related systems, software, coding, consulting, or other services.

13. A copy of all software and related source code, including any related auxiliary files, in both compiled and uncompiled form, designed, developed, produced, supplied, offered for sale, licensed, and/or sold by Advenovation to any customer or company since June 1, 2008, including, but not limited to, the following companies:

7

   a. Hutchinson;

   b. H.H. Barnum;

   c. Mark One; and

   d. Robotechnology Center.

14 Any documents in Advenovation's possession documenting, discussing, related to, or otherwise referencing the Braintech software or source code.

15. Documents sufficient to identify the general directory structure of the file systems for the Machine Vision and/or VGR-related software and/or source code designed, developed, or offered for sale by Advenovation, including, but not limited to, documents sufficient to identify:

   a. the general structure of how the source code is stored;

   b. how many versions exist;

   c. what software package(s) and/or language(s), and which versions of such were used to create the source codes; and

   d. what, if any, auxiliary files are required to fully evaluate the source codes.

16. Any user, programming, support, technical, or other manuals related to the Machine Vision and/or VGR-related software designed, developed, licensed, sold, or offered for sale by Advenovation.

17. Documents sufficient to identify the "over 300 successful robotic installations in the manufacturing industry" referenced on Advenovation's website, including documents sufficient to identify the technical nature of the installations, companies to which the installations were sold or otherwise provided, the dates thereof, and the main contact.

18. Documents related to Advenovation's securing of the "#1 Ranking for Bin Picking by Google.com," as referenced on Advenovation's website.

19. Documents sufficient to identify the "16+ robot companies" and "80+ integrators" with which Defendant and/or Advenovation have an association, as referenced on Advenovation's website, including, but not limited to, Defendant and/or Advenovation's contact at each company.

20. Documents sufficient to identify the "more than 300 solutions for various vertical applications such as auto racking, bin picking, 3D measurement, inspection, flexible feeding, path following, machine tending, etc.," referenced on Advenovation's website, including documents sufficient to identify the technical nature of the solutions, company to which the solutions were provided, the dates thereof, and the main contact.

21. All communications between Defendant, Advenovation, David Dechow, and/or Aptura since June 2008 related to, referencing, discussing, or otherwise mentioning, the Reliabot software or source code.

22. Any Reliabot software or source code in Advenovation's possession, including any software or source code that has been modified.

23. Any Braintech software or source code in Advenovation's possession, including any software or source code that has been modified.

24. A copy of all software and source code, including any related auxiliary files, in both compiled and uncompiled form designed, developed, produced, supplied, offered for sale, licensed, and/or sold by Advenovation, Shafi, Dechow, Aptura, or any independent contracting party

25. A copy of all Advenovation business plans.

26. A copy of Advenovation's tax returns for 2008, 2009, 2010, and 2011, as well as all loan and debt documentation from any and all sources.

27. A copy of Advenovation's financial statements for 2008, 2009, 2010, and 2011.

28. A copy of any and all discussions, conversations, agreements, or documents relating to the history and outcome of Advenovation securing the Military $1.9 million earmark for Remote Sensing for Military Robots. Also, provide a detailed description of the technology Advenovation provides for such application.

29. A copy of all customer purchase orders secured by Advenovation, Aptura, Shafi individually, or Dechow individually, in 2008, 2009, 2010, 2011, and 2012.

30. A copy of all vision system hardware purchase orders made by Advenovation, Aptura, Shafi individually, or Dechow individually in 2008, 2009, 2010, 2011 and 2012.

31. A copy of all technical reviews performed on Reliabot software and technology from inception to the current.

32. Provide a list of all current and former employees of Advenovation.

33. Provide a schedule of Revenue/Sales for Advenovation from inception to current.

34. Provide a schedule of costs for Advenovation from inception to current.

35. Provide a current balance sheet for Advenovation.

36. Provide a cash flow statement for Advenovation from inception to current

37. Provide a schedule of Revenue/Sales for Aptura from inception to current.