EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**************

| | |
|---|---|
| ROBOTIC VISION TECHNOLOGIES, LLC; a Nevada limited liability company; and FREDERICK WEIDINGER, an individual, | Case No. 2:11-cv-12909 |
| Plaintiffs, | Honorable Victoria A. Roberts |
| Vs. | **DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| ADIL SHAFI, | |
| Defendant. | |

_____/

| | |
|---|---|
| Michelle L. Alamo (P60684) | T. Michael Doyle (P12931) |
| Thomas G. McNeill (P36895) | John J. Doyle (P46865) |
| DICKINSON WRIGHT | DOYLE & MALINZAK, P.C. |
| Attorney for Plaintiffs | Attorney for Defendant |
| 500 Woodward Avenue, Suite 4000 | 45 Blue Star Highway |
| Detroit, Michigan 48226-3425 | Douglas, Michigan 49406 |
| (313) 223-3500 | (269) 857-3111 |

_____/

NOW COMES Defendant, Adil Shafi, by and through his attorney, John J. Doyle and in response to Plaintiff Robotic Vision Technologies, LLC and Frederick Weidinger's First Request for Production of Documents and Things, states as follows:

1. All written employment, independent contractor, agency, consultant, investor, director, officer, shareholders, partnership, joint venture, ownership, or other agreements between Defendant and Advenovation, Inc. ("Advenovation"), David Dechow, or Aptura Machine Vision Systems ("Aptura") pursuant to which Defendant provides, or has provided, licensing and/or support, sales, coding, or consulting, or other

services in relation to Machine Vision and/or Vision Guided Robotics

("VGR") systems, software, coding, consulting, or other services.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the

production of documents and things that contain proprietary information

regarding Defendant's business including, but not limited to:

  a.   Pricing.

  b.   Terms and conditions of contracts.

  c.   Identity of clients.

  d.   Computer code and product production information and other trade

       secret information that makes Defendant's business unique and

       competitive.

And for the further reason that the documents and things requested are not

relevant nor are they likely to lead to the discovery of relevant information.

2.   All written employment, independent contractor, agency, consultant,

     investor, director, officer, shareholder, partnership, joint venture,

     ownership or other agreements between Defendant and Paul Tomasai,

     Douglas or Karen Abramson, Calvin or Elise White, or Bruce or Patricia

     Rukkila related to Advenovation and/or the design, development, sale,

     licensing or distribution of Machine Vision and/or VGF-related software,

     systems coding, consulting, or other services.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the

production of documents and things that contain proprietary information

regarding Defendant's business including, but not limited to:

a.      Pricing.

b.      Terms and conditions of contracts.

c.      Identity of clients.

d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

3.      All written employment, independent contractor, agency, consultant, investor, director, officer, shareholder, partnership, joint venture, ownership, or other agreements between Defendant and David Dechow and/or Aptura related to the design, development, sale, distribution, or licensing of Machine Vision and/or Vision Guided Robotics ("VGR") systems, software, coding, support, consulting, or other services by either Dechow or Aptura for or on behalf of Defendant or Advenovation, as provided.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

a.      Pricing.

b.      Terms and conditions of contracts.

c.      Identity of clients.

     d.       Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

4.       All documents referring or relating to Defendant's design or development of Machine Vision and/or VGR-related software or systems since June 1, 2008.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

     a.       Pricing.

     b.       Terms and conditions of contracts.

     c.       Identity of clients.

     d.       Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

5.       All contracts, agreements, licenses, or arrangements of any kind relative to the design, development, production, supply, sale, distribution, or licensing of Machine Vision and/or VGR-related software, systems,

4

support, coding, consulting, or other services, by Defendant, either on his

own behalf or on behalf of Advenovation or Aptura.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the

production of documents and things that contain proprietary information

regarding Defendant's business including, but not limited to:

     a.       Pricing.

     b.       Terms and conditions of contracts.

     c.       Identity of clients.

     d.       Computer code and product production information and other trade

               secret information that makes Defendant's business unique and

               competitive.

And for the further reason that the documents and things requested are not

relevant nor are they likely to lead to the discovery of relevant information.

6.      All communications between Defendant and David Dechow and/or Aptura

        related to the design, development, production, supply, sale, or  licensing

        of Machine Vision and/or VGR-related systems, software, support,

        coding, consulting, or other services, by Defendant, either on his own

        behalf or on behalf of Advenovation or Aptura.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the

production of documents and things that contain proprietary information

regarding Defendant's business including, but not limited to:

     a.       Pricing.

     b.       Terms and conditions of contracts.

    c.     Identity of clients.

    d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

7.     All documents referring or relating to contracts, agreements, licenses, or arrangements of any kind relative to the design, development, production, supply, sale or licensing of Machine Vision and/or VGR-related software, systems, support, sales, coding, consulting or other services, by Defendant, Advenovation, and/or Aptura, and any company or customer.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.     Pricing.

    b.     Terms and conditions of contracts.

    c.     Identity of clients.

    d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

6

8.      All purchase orders, invoices, and/or payment records for services related
        to the coding, design, development, production, supply, sale, or licensing
        of Machine Vision and/or VGR-related software, systems, support, sales,
        coding, consulting, or other services provided by Defendant,
        Advenovation, and/or Aptura, to any company or customer.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the
production of documents and things that contain proprietary information
regarding Defendant's business including, but not limited to:

   a.      Pricing.

   b.      Terms and conditions of contracts.

   c.      Identity of clients.

   d.      Computer code and product production information and other trade
           secret information that makes Defendant's business unique and
           competitive.

And for the further reason that the documents and things requested are not
relevant nor are they likely to lead to the discovery of relevant information.

9.      Documents sufficient to identify the scope of Machine Vision and/or
        VGR-related software, systems, support, sales, coding, consulting, or other
        services, provided by Defendant, Advenovation, and/or Aptura, to any
        company or customer after June 2008.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the
production of documents and things that contain proprietary information
regarding Defendant's business including, but not limited to:

7

a.     Pricing.

b.     Terms and conditions of contracts.

c.     Identity of clients.

d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

10.     All documents relating to Defendant, Advenovation, or Aptura's attempts to promote, distribute, license, sell, or otherwise provide Machine Vision and/or VGR-related software, systems, support, sales, coding, consulting, or other services to any company or customer.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

a.     Pricing.

b.     Terms and conditions of contracts.

c.     Identity of clients.

d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

8

11.    All written communications and online submissions by Defendant, either on his own behalf or on behalf of Advenovation or Aptura, that mention, discuss, or otherwise make reference to Braintech, Robotic VISION Technologies, and/or Frederick Weidinger, including, but not limited to, any such communications made to the following companies:

a.    Hutchinson;

b.    H.H. Barnum;

c.    Mark One;

d.    Robotechnology Center;

e.    Cognex;

f.    Microscan;

g.    PDSI;

h.    Motoman;

i.    Adept Technology;

j.    NorthCoast Technical;

k.    McNaughton McKay – Vision & Traceability Group;

l.    Gudel;

m.    Kulka;

n.    Matrox;

o.    Ford Motor Company; and

p.    ABB.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    q.     Pricing.

    r.     Terms and conditions of contracts.

    s.     Identity of clients.

    t.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

12.    A copy of Defendant's calendar or other documents sufficient to identify all appointments, meetings, interviews, or other business contacts made by Defendant either on his own behalf or on behalf of Advenovation or Aptura from June 1, 2008, through today, including documents sufficient to identify the name and contact information for the person or persons contacted by Defendant.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.     Pricing.

    b.     Terms and conditions of contracts.

    c.     Identity of clients.

      d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

13.     All advertising by Defendant, Advenovation, and/or Aptura promoting Machine Vision and/or VGR-related software, systems, support, sales, consulting, or other services since June 1, 2008.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

      a.     Pricing.

      b.     Terms and conditions of contracts.

      c.     Identity of clients.

      d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

14.     Documents sufficient to identify all wages, commissions, or other payments received by Defendant from either Advenovation or Aptura or from any and all sources, including Michigan Technological University.

11

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

15.    A copy of Defendant's tax returns for 2008, 2009, 2010, and 2011, as well as all loan and debt documentation from any and all sources.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

16.  A copy of all software and related source code, including any related auxiliary files, in both compiled and uncompiled form, designed, developed, produced, supplied, offered for sale, and/or sole by Shafi, Advenovation, Dechow, Aptura, or by any independent contracting party to any customer or company since June 1, 2008.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

a.  Pricing.

b.  Terms and conditions of contracts.

c.  Identity of clients.

d.  Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

17.  Any documents in Defendant, Advenovation's or Aptura's possession documenting, discussing, related to, or otherwise referencing the Braintech software or source code.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

a.       Pricing.

b.       Terms and conditions of contracts.

c.       Identity of clients.

d.       Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

18.    Documents sufficient to identify the general directory structure of the file systems for the Machine Vision and/or VGR-related software and/or source code designed, developed, or offered for sale by Defendant and/or Advenovation since June 1, 2008, including, but not limited to, documents sufficient to identify:

a.       The general structure of how the source code is stored;

b.       How many versions exist;

c.       What software package(s) and/or language(s), and which versions of such were used to create the source codes; and

d.       What, if any, auxiliary files are required to fully evaluate the source codes.

e.      Identification of customers who have purchased the software

packages.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the

production of documents and things that contain proprietary information

regarding Defendant's business including, but not limited to:

f.      Pricing.

g.      Terms and conditions of contracts.

h.      Identity of clients.

i.      Computer code and product production information and other trade

secret information that makes Defendant's business unique and

competitive.

And for the further reason that the documents and things requested are not

relevant nor are they likely to lead to the discovery of relevant information.

19.     Any user, programming, support, technical, or other manuals related to the

Machine Vision and/or VGR-related software designed, developed, sold,

license, or offered for sale or license by Defendant, Advenovation, and/or

Aptura since June 1, 2008.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the

production of documents and things that contain proprietary information

regarding Defendant's business including, but not limited to:

a.      Pricing.

b.      Terms and conditions of contracts.

c.      Identity of clients.

15

      d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

20.    Documents sufficient to identify the "over 300 successful robotic installations in the manufacturing industry" referenced on Advenovation's website, including documents sufficient to identify the technical nature of the installations, companies to which the installations were sole or otherwise provided, the dates thereof, and the main contact.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

      a.     Pricing.

      b.     Terms and conditions of contracts.

      c.     Identity of clients.

      d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

21.    Documents related to Advenovation's securing of the "#1 Ranking for Bin Picking by google.com" as referenced on Advenovation's website.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

22.     Documents sufficient to identify the "16+robot companies" and "80+integrators" with which Defendant and/or Advenovation have an association, as referenced on Advenovation's website, including, but not limited to, Defendant and/or Advenovation's contact at each company.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

23.    Documents sufficient to identify the "more than 300 solutions for various vertical applications such as auto racking, bin picking, 3D measurement, inspection, flexible feeding, path following, machine tending, etc.," referenced on Advenovation's website, including documents sufficient to identify the technical nature of the solutions, company to which the solutions were provided, the dates thereof, and the main contact.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

24.   All communications between Defendant, Advenovation, David Dechow, and/or Aptura since June 2008 related to, referencing, discussing, or otherwise mentioning, the Reliabot software or source code.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.   Pricing.

    b.   Terms and conditions of contracts.

    c.   Identity of clients.

    d.   Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

25.   Any Reliabot software or source code in Defendant's possession, including any software or source code that has been modified.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.   Pricing.

    b.   Terms and conditions of contracts.

    c.   Identity of clients.

19

     d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

26.     Any Braintech software or source code in Defendant's possession, including any software or source code that has been modified.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

     a.     Pricing.

     b.     Terms and conditions of contracts.

     c.     Identity of clients.

     d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

27.     A copy of all software and source code, including any related auxiliary files, in both compiled and uncompiled form designed, developed, produced, supplied, offered for sale, and/or sole by Defendant, Advenovation, or Aptura since June 1, 2008.

20

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

     a.      Pricing.

     b.      Terms and conditions of contracts.

     c.      Identity of clients.

     d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

28.     A copy of any and all documents, conversations, agreements, or documents relating to the history and outcome of Advenovation securing the Military $1.9 million earmark for Remote Sensing for Military Robots. Also, provide a detailed description of the technology Advenovation provides for each application.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

     a.      Pricing.

     b.      Terms and conditions of contracts.

     c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

29.    A copy of all customer purchase orders secured by Advenovation, Aptura, Shafi individually, or Dechow individually, in 2008, 2009, 2010, 2011, and 2012.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

30.    A copy of all vision system hardware purchase orders made by Advenovation, Aptura, Shafi individually, or Dechow individually in 2008, 2009, 2010, 2011 and 2012.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

31.     A copy of all technical reviews performed on Reliabot software and technology from inception to the current.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.      Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

32.    Provide a list of all current and former employees of Advenovation.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

      a.      Pricing.

      b.      Terms and conditions of contracts.

      c.      Identity of clients.

      d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

33.    Provide a schedule of Revenue/Sales for Advenovation from inception to current.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

      a.      Pricing.

      b.      Terms and conditions of contracts.

      c.      Identity of clients.

d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

34.     Provide a schedule of costs for Advenovation from inception to current.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

a.      Pricing.

b.      Terms and conditions of contracts.

c.      Identity of clients.

d.      Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

35.     Provide a current balance sheet for Advenovation.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

a.      Pricing.

b.      Terms and conditions of contracts.

    c.     Identity of clients.

    d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

36.    Provide a cash flow statement for Advenovation from inception to current.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.     Pricing.

    b.     Terms and conditions of contracts.

    c.     Identity of clients.

    d.     Computer code and product production information and other trade secret information that makes Defendant's business unique and competitive.

And for the further reason that the documents and things requested are not relevant nor are they likely to lead to the discovery of relevant information.

37.    Provide a schedule of Revenue/Sales for Aptura from inception to current.

**RESPONSE**: Defendant objects to this request on the grounds that it requests the production of documents and things that contain proprietary information regarding Defendant's business including, but not limited to:

    a.     Pricing.

    b.      Terms and conditions of contracts.

    c.      Identity of clients.

    d.      Computer code and product production information and other trade

secret information that makes Defendant's business unique and

competitive.

And for the further reason that the documents and things requested are not

relevant nor are they likely to lead to the discovery of relevant information.

Dated: November 5, 2012

DOYLE & MALINZAK, P.C.
Attorney for Defendant

By: _____

T. Michael Doyle (P12931)
John J. Doyle (P46865)
45 Blue Star Highway
Douglas, Michigan 49406
(269) 857-3111

27