UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

        Plaintiffs,

vs.

ADIL SHAFI,

        Defendant.
_____/

Case No. 11-12909

Hon. Victoria A. Roberts

## PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT AGAINST DEFENDANT ON ALL LIABILITY ISSUES PURSUANT TO FED. R. CIV. P. 37

Plaintiffs Robotic Vision Technologies, LLC and Frederick Weidinger ("Plaintiffs") respectfully request entry of a default judgment against Defendant Adil Shafi ("Shafi") under Federal Rule of Civil Procedure 37(b)(2)(A) and an award of costs and attorneys fees under 37(b)(2)(B).

Shafi and Advenovation, Inc. ("Advenovation") have blatantly failed to comply with their duties under the Federal Rules of Civil Procedure and this Court's orders. Plaintiffs tried for many months to obtain responses to the discovery requests they had served upon Shafi and responses to a subpoena they had served on Advenovation. Ultimately, Plaintiffs were forced to file a Motion to Compel on February 4, 2013. Doc. 44. On February 14, 2013, this Court entered a Stipulated Order Concerning Production of Documents and Tangible Things, in which it ordered that Shafi and Advenovation produce all responsive documents by February 28, 2013 (the "Order"). Doc. 46. Pursuant to the Order, the Court reserved its determination upon

Plaintiffs' requests for an award of attorneys' fees until after Shafi's and Advenovation's compliance with the Order could be evaluated. *Id.*

On March 1, 2013, Shafi's counsel (his fourth in this case) sent the following email to Plaintiffs' counsel: "Hi Tom, My client is working on finishing the document request response. I know it was due yesterday and I apologize for the delay. I hope to have it completed and to you shortly. Thanks, John." Plaintiffs' counsel immediately responded that it would be necessary to seek sanctions or a contempt order.

The Court is well aware of Shafi's persistent contumacious behavior in this case and the 2009 Braintech case.

Federal Rule of Civil Procedure 37(b)(2)(A) permits the Court to impose sanctions against a party who fails to obey a discovery order. Specifically, Rule 37(b)(2)(A)(vi) empowers the Court to render a default judgment. A motion for sanctions under these Rules is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. V. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th cir. 1988). The Court's discretion is informed by the four-part test described in *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed or defaulted party was warned that failure to cooperate could lead to dismissal or entry of default judgment; and (4) whether less drastic sanctions were imposed or considered before dismissal or default judgment was ordered. *See also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

All of these factors are present in this case. Time and again Shafi has delayed these proceedings. The discovery cutoff of March 31 looms as does the March 5 settlement

2

conference. Plaintiffs' counsel had every intention of using documents produced by Shafi to further support Plaintiffs' settlement demands. This Court previously has sanctioned Shafi (due to his failure to appear, as instructed, with substitute counsel for the Berry Moorman firm) and at that settlement conference this Court warned Shafi, directly and in person (in the presence of attorney Jim Mitchell who declined to enter a formal appearance on behalf of Shafi), that further failures to comply with Court orders would lead to severe consequences, including the striking of defenses and entry of a judgment against him. Shafi nevertheless continues to thumb his nose at the process, the opposing parties and their counsel, the prompt and efficient administration of justice and, frankly, this Court. While entry of a default admittedly is a drastic remedy, it is warranted here.

Under 37(b)(2)(C), the court additionally "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion for Entry of a Default on all liability issues under each of the three counts of Plaintiffs' Second Amended Complaint -- thereby limiting the contested issues to the quantum of damages, the fact question of whether Shafi has pirated RVT's intellectual property and, if he has, the proper scope of a permanent injunction. Plaintiffs also request that the Court enforce the February 14 order so that they may obtain the requested documents, software and source codes. Finally, Plaintiffs' request an award of their attorneys' fees in filing this motion.

DICKINSON WRIGHT PLLC

By: /s/   Thomas G. McNeill
Thomas G. McNeill (P36895)
Michelle L. Alamo (P60684)
Attorneys for Plaintiffs
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel:  313.223.3500
Fax: 313.223.3598
tmcneill@dickinsonwright.com

Dated:  March 1, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

        Plaintiffs,

vs.

ADIL SHAFI,

        Defendant.
_____/

Case No. 11-12909

Hon. Victoria A. Roberts

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF A DEFAULT AGAINST DEFENDANT ON ALL LIABILITY ISSUES PURSUANT TO FED. R. CIV. P. 37

In support of this motion, Plaintiffs rely upon Fed. R. Civ. P. 37(b)(2)(A) and (B) and the case law cited in the foregoing motion

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/   Thomas G. McNeill
Thomas G. McNeill (P36895)
Michelle L. Alamo (P60684)
Attorneys for Plaintiffs
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel:  313.223.3500
Fax: 313.223.3598
tmcneill@dickinsonwright.com

Dated: March 1, 2013

2

> I hereby certify that on March 1, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.
>
> /s/ Thomas G. McNeill (P36895)
> DICKINSON WRIGHT PLLC
> 500 Woodward Avenue, Suite 4000
> Detroit, Michigan 48226
> (313) 223-3500
> tmcneill@dickinsonwright.com

BLOOMFIELD 49763-1 1264255v1