UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADIL SHAFI,

       Original Defendant and             Case No. 09-10454
       Present Counter-Plaintiff

-v-

BRAINTECH, INC.,

       Present Counter-Defendant;


AND


ROBOTIC VISION TECHNOLOGIES LLC, and     Case No. 11-12909
FREDERICK WEIDINGER,

             Plaintiffs,             Hon. Victoria A. Roberts
                               Magistrate Judge Laurie J. Michelson

-v-

ADIL SHAFI,

         Defendant.

_____/

**SCHEDULING CONFERENCE STATEMENT SUBMITTED BY
ROBOTIC VISION TECHNOLOGIES AND FREDERICK WEIDINGER
(PLAINTIFFS IN THE 2011 CASE)**

Scheduling Conference: March 12, 2012 at 2:00 p.m.


**I. SUMMARY OF PLAINTIFFS' PROPOSAL**

Plaintiffs in the 2011 Case submit that principles of judicial economy support staying the 2011 Case until after trial of the 2009 Case -- and the 2009 Case was ready for trial in May, 2011.

1

Through four settlement conferences and four lawyers, Adil Shafi steadfastly, and irrationally, continues to assert that he is entitled to a six-figure payment. Apparently, only an adverse trial verdict will convince him otherwise.

In May, 2011, the 2009 case was ready for trial – estimated at one day, maybe two. This Court had decided motions summary judgment and motions *in limine* and the parties had filed final trial witness lists and exhibit lists. But the trial was adjourned, in large part, due to the untimely death of Shafi's first attorney.

In the 2011 case, twenty days remain in the discovery period (again delayed by Shafi's failure to comply with Court orders). At the conclusion of discovery, Plaintiffs intend to file a motion for summary judgment; a trial, if necessary, would require more than one week, but would be substantially shortened depending upon a determination of the key issue in the 2009 Case: Did Braintech terminate Shafi's employment for "good cause"?

## II. THE ISSUE OF TERMINATION FOR "GOOD CAUSE."

On November 24, 2008, Braintech terminated the employment of Adil Shafi and contends that it did so for good cause. In Case no. 09-10454 (the "2009 Case"), Shafi asserts two employment claims against Braintech predicated upon the assertion that he was NOT terminated for "good cause." ***The entirety of the 2009 Case is predicated upon Shafi's conduct <u>before</u> the termination of his employment.***

The practical reality is stark: Braintech is judgment proof. It is defunct, has no assets and is represented by counsel under an employer liability insurance policy which provides for the cost of defense but not indemnity for a judgment or any other loss. Yet, irrationally, Shafi persists. Four sets of attorneys and four settlement conferences, have not dissuaded him from his legal folly.

In Case No. 11-12909 (the "2011 Case"), Plaintiffs Robotic VISION Technologies LLC ("RVT") and Frederick ("Rick") Weidinger ("Weidinger") assert claims against Shafi for breach of a Non-Competition Agreement, Defamation and Unfair Competition, the factual

underpinnings of which Shafi admitted in his deposition in the 2009 Case.[1] There are no counter-claims. *The entirety of the 2011 Case is predicated upon Shafi's conduct __after__ the termination of his employment, except for one overlapping fact issue*: whether Shafi's termination was for "Good Cause."

If Shafi was terminated for "Good Cause," the duration of the non-compete is 3 years.[2] Non-Competition Agreement, ¶1(b). If Shafi was terminated without "Good Cause," the non-compete period is only 30 days from the date of termination. *Id.*, ¶ 3.

## III. RVT AND WEIDINGER'S REQUEST FOR A STAY OF 2011 CASE

The practical solution to Shafi's intransigence is trial of the 2009 Case and an immediate stay of the 2011 Case. RVT and Weidinger would agree to be bound by a final determination in the 2009 Case of "Good Cause" employment termination.[3]

The benefits of this approach are palpable:

- In the environment of sequestration, the expenditure of Court's resources would be limited to a one or two day trial, which apparently is inevitable in all events and is ready to go (after brushing off some dust);

- The legal predicate for RVT and Weidinger's breach of non-competition claim, "Good Cause" employment termination, conclusively would be determined with finality in the 2009 Case.

- A verdict in the 2009 Case would substantially inform Shafi and RVT/Weidinger of their respective circumstances in a trial of the 2011 Case;

- The Court and the parties would avoid jury confusion concerning Shafi's pre-termination and post-termination conduct;

---

[1] After Braintech failed (largely due to Shafi's malfeasance) at a public auction in May 2010, in a normal and traditional asset purchase, RVT purchased all of Braintech's assets, including its rights under the non-compete agreement.

[2] Upon proof of breach, RVT is entitled to both damages and an equitable extension of the three year non-compete. *See Thermatool Corp v. Borzym*, 227 Mich. App. 366, 375 (1998) (holding that a trial court may extend the terms of a noncompetition agreement as a remedy for breach of the agreement in appropriate circumstances, including where, such as here, "a party has flouted the terms of a noncompetition agreement").

[3] Subject, of course, to Shafi's and Braintech's appeal rights.

- In this approach, there are no practical or legal disadvantages to the Court or any of the parties.

RVT and Weidinger's undersigned counsel looks forward to discussing this approach with the Court at the scheduling conference.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:____/s/ Thomas G. McNeill_____
Thomas G. McNeill (P36895)
Michelle L. Alamo (P60684)
Attorneys for Plaintiffs in the 2011 Case
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
tmcneill@dickinsonwright.com

Dated:  March 11, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record by electronic transmission.


/s/Thomas G. McNeill
Dickinson Wright PLLC
500 Woodward Ave., Ste. 4000
Detroit, MI 48226-3425
Phone:  313-223-3500
Email:  tmcneill@dickinsonwright.com
Bar No. P36895