UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

        Plaintiffs,

v.                                                                Case Number: 11-12909
                                                                  Honorable Victoria A. Roberts

ADIL SHAFI,

        Defendant.
_____/

**ORDER DENYING PLAINTIFFS'
MOTION FOR ENTRY OF DEFAULT (Doc. # 48)**

On February 4, 2013, Plaintiffs filed a motion to compel production of documents

from Defendant Adil Shafi and his company, Advenovation, Inc.  The parties resolved

that motion; on February 14, 2013, the Court entered a Stipulated Order requiring Shafi

to produce all documents responsive to Plaintiffs' document request on or before

February 28, 2013.  (*See* Doc. # 46).  Shafi failed to timely produce the documents.

On March 1, 2013, Shafi's counsel sent the following email to Plaintiffs' counsel:

> Hi Tom, My client is working on finishing the document
> request response.  I know it was due yesterday and I
> apologize for the delay.  I hope to have it completed and to
> you shortly.  Thanks, John.

Plaintiffs' counsel responded that it would be necessary to seek sanctions or a contempt

order.

Later that same day, Plaintiffs filed a Motion for Entry of Default Against

Defendant.  (Doc. # 48).  This Motion is before the Court.

Plaintiffs ask the Court for an entry of default judgment against Shafi under Fed.

R. Civ. P. 37(b)(2)(A), which allows the Court to sanction a party for failing to obey a

discovery order.  Plaintiffs argue that "[w]hile entry of default is a drastic remedy, it is warranted here."  The Court disagrees.

Although Shafi failed to produce the documents before the February 28 deadline, he was attempting, in good faith, to compile and produce the responsive documents on time.  In addition, Shafi's counsel contacted Plaintiffs' counsel one day after the deadline to apologize for the brief delay and inform him that the documents would be produced "shortly."  Such a minor delay does not warrant the entry of default judgment.

Plaintiffs also seek to recover attorney fees for filing this motion under Rule 37(b)(2)(C).

One day after the documents were due, and before Plaintiffs incurred expenses drafting their motion, Shafi's counsel informed Plaintiffs' counsel of the short delay. Instead of communicating with Shafi's counsel to determine when he would produce the documents, Plaintiffs immediately filed a Motion for Default.  If Plaintiffs would have worked with Shafi's counsel, they could have avoided the costs incurred filing the motion.  Accordingly, the Court declines to award attorney fees to Plaintiffs.

Plaintiffs' Motion for Entry of Default is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 5, 2013

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
December 5, 2013.

S/Linda Vertriest
Deputy Clerk