**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBOTIC VISION TECHNOLOGIES LLC and
FREDERICK WEIDINGER,

                        Plaintiffs,                            Case No. 11-12909

v.                                            Hon. Victoria A. Roberts
                                            Mag. Judge Laurie J. Michelson
ADIL SHAFI,

                        Defendant.

_____/

**ORDER APPOINTING SPECIAL MASTER**

The Court convened telephone conferences with counsel for the parties and communicated with counsel by email in January and February 2014. Pursuant to Fed. R. Civ. P. 53(b)(1), the Court provided the parties and their respective counsel notice and an opportunity to be heard on the proposed appointment of Lee A. Hollaar, Ph.D., as Special Master.

In accordance with Fed. R. Civ. P. 53(b)(3)(A), Dr. Hollaar provided an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455; his affidavit is attached as **Exhibit 1**.

In an email dated January 30, 2014, T. Michael Doyle – counsel for Defendant Adil Shafi ("Defendant") – informed the Court and opposing counsel that "[Defendant] accepts the recommendation of Judge Roberts as to a special master [i.e., Dr. Hollaar] … [but] proposes that the losing party be responsible for the total fee of the special master." Through emails dated February 12 and 13, 2014, the Court sent the parties' respective counsel a Proposed Order Appointing Special Master, in which Plaintiffs bear 50% and Defendant bears 50% of Dr. Hollaar's fees and expenses; the Court asked if either party had objections to the order. In an email dated February 14, 2014, Defendant objected to the entry of the order.

Notwithstanding Defendant's objection, the Court **ORDERS** that:

1.      Pursuant to Fed.R.Civ.P. 53(a), Lee A. Hollaar, Ph.D., is appointed as Special Master in order to conduct a confidential and neutral comparison of any similarities, duplications, and derivations of:

a) Defendant's source code(s) for vision software sold to and/or installed at a customer by him –  personally or through any entity, including but not limited to Aptura and Advenovation – during the periods of (i) November 25, 2008 to June 30, 2009, and (ii) December 1, 2012 to November 30, 2013,

> To or From

b) The following source codes owned by Plaintiff Robotic VISION Technologies LLC ("RVT"): (i) the Reliabot source code which Braintech, Inc. acquired from Defendant, SHAFI, Inc., and SHAFI Innovation by agreements dated August 12,  2008; and (ii) the source code(s) developed by Braintech prior to November 24, 2008 for vision software and any iterations thereof Plaintiff RVT chooses to submit.

2.      In order for Dr. Hollaar to conduct his comparative analysis in accordance with the authority conferred by Fed. R. Civ. P. 53(c), each party must produce its source code in its native development environment with the tools necessary to generate the compiled object by providing Dr. Hollaar with a portable laptop computer loaded with their respective systems, development systems and source code repositories (with full meta data).  If tools whose documentation is not readily available are used, a copy of documentation for such tools shall be included.  Proceeding in this manner ensures that each party's source code remains separated from the other's source code.

3.       By March 4, 2014, Dr. Hollaar must convene a telephone conference with the parties and their respective counsel and experts to discuss appropriate procedures to facilitate and enable Dr. Hollaar to conduct the comparison analysis of the source codes, including the tangible items necessary for Dr. Hollaar to validate and authenticate that the source code(s) provided by Defendant were in fact utilized in software products that were sold and installed at customer

facilities.

4.      The parties must deliver their laptops to Dr. Hollaar by March 14, 2014, via overnight air courier, such as UPS or FedEx, return shipping pre-paid.  Upon receipt, Dr. Hollaar may circulate any inquiries regarding the nature of the materials provided.

5.      After conducting a comparative analysis of the parties' respective source codes, Dr. Hollaar must prepare a preliminary report for review and comment by the parties.  Dr. Hollaar must deliver the preliminary report to counsel for the parties by electronic mail no later than May 2, 2014.

6.      Upon receipt of the Dr. Hollaar's preliminary report, the parties have 20 days to submit comments and objections to the preliminary report and then 10 additional days to comment on or object to the submissions of the other party.  Throughout the process, the parties and Dr. Hollaar may convene telephone conferences, at the discretion of Dr. Hollaar, to discuss comments, objections and submissions.

7.      After conferring with the parties and reviewing their submissions, Dr. Hollaar must file with the Court a final report under seal no later than June 24, 2014.

8.      As required by Fed. R. Civ. P. 53(f), the parties have 20 days after the filing of Dr. Hollaar's final report to file formal objections with the Court.  The filing of oppositions and replies to any such objections is governed by the Federal Rules of Civil Procedure and the Local Rules of this District.

9.      Dr. Hollaar will not issue any orders.  All communications, notices to the parties and requests for information will be sent by electronic mail to the following addresses:

    a.  <u>For Plaintiffs</u>: Thomas G. McNeill; *TMcNeill@dickinsonwright.com*

    b.  <u>For Defendant</u>: T. Michael Doyle; *tmichael06t@aol.com*

    c.  <u>Special Master</u>: Lee A. Hollaar; *hollaar@cs.utah.edu*

10.     Dr. Hollaar shall not engage in any *ex parte* communications with the parties or their respective counsel or experts.  All telephone calls shall be joint, and any emails or other correspondence shall be copied to opposing counsel.  Dr. Hollaar may communicate *ex parte* with the Court about any matter regarding the scope and performance of his rights and duties under this Order.

11.     Dr. Hollaar's fees are $300.00 per hour.  Plaintiffs will bear 50% and Defendant will bear 50% of Dr. Hollaar's fees and expenses.  In order to guarantee payment of those fees and expenses, Plaintiff RVT and Defendant must each deliver to Dr. Hollaar a retainer in the amount of $5,000 by February 28, 2014.  Dr. Hollaar must submit monthly invoices for his services to the parties' respective counsel; those invoices will be billed against the deposited funds.  If the deposited funds fall below $2,000 in the aggregate, Dr. Hollaar may require the parties to deliver additional funds, in an amount which he deems reasonable in light of the remaining uncompleted work; the parties must deliver the additional funds to Dr. Hollaar within five business days of his request.   If a party fails to deliver the initial retainer of $5,000 or fails to deliver additional funds as deemed necessary, Dr. Hollaar may inform the Court.

12.     Upon the filing of his final report, Dr. Hollaar must submit his final invoice to the parties' respective counsel.  After the final invoice has been paid in full, Dr. Hollaar must disburse any remaining deposited funds; 50% must be disbursed to Plaintiffs and 50% must be disbursed to Defendant.

13.     The proprietary information and data produced during the course of Dr. Hollaar's analysis is deemed Highly Confidential pursuant to the Protective Order entered by the Court on February 14, 2013.  (*See Doc.* # 47).   Dr. Hollaar reviewed the Protective Order and agrees to comply with its terms; a copy of the Protective Order and Dr. Hollaar's signed undertaking is attached as **Exhibit 2**.  In the event that Dr. Hollaar's report, including any preliminary versions,

contains proprietary information of the parties, the same is also deemed Highly Confidential under the Protective Order.

**IT IS ORDERED**.

<u>S/Victoria A. Roberts</u>
Victoria A. Roberts
United States District Judge

Dated: February 18, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 18, 2014.

<u>s/Linda Vertriest</u>
Deputy Clerk