# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

Plaintiffs,

Case No. 11-12909

vs.

Hon. Victoria A. Roberts

ADIL SHAFI,

Defendant.
_______________________________/

**STIPULATED PROTECTIVE ORDER**

WHEREAS the parties have determined that certain documents and information produced or to be produced in this litigation should be kept confidential in order to protect the legitimate business interests of the parties and their customers, business partners, and other non-parties to this action and have stipulated and agreed, by and through their respective undersigned counsel, to the request for, and entry of, the following Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

IT IS HEREBY ORDERED BASED ON THE STIPULATION OF THE PARTIES:

1. As used in this Stipulated Protective Order (the "Order"), the term "discovery material" shall encompass all documents, tangible items (such as software and aource codes) deposition testimony and exhibits, interrogatory answers, responses to requests for admission, and any other written, recorded, transcribed or graphic matter produced by any party (or their employees or former employees) or third party during the discovery process in these actions, any copies thereof, and information contained therein, as well as any information accessed,

downloaded or in any way obtained by the parties from their computer systems or computers and/or any of their current or former divisions, subsidiaries, affiliates or the like.

2. This Order shall apply to all discovery material.

3. If a party producing any discovery material wishes to declare it or any portion thereof confidential, that party shall designate such material as (a) "Confidential" or (b) "Confidential – Attorneys' and Experts' Eyes Only" in writing to counsel for the requesting party at the time of its production. Such designated material is hereinafter referred to as "confidential discovery material." In designating discovery material as confidential, a party shall make such a designation only with respect to material which that party reasonably and in good faith believes is confidential and entitled to protection under the Federal Rules of Civil Procedure (the "Federal Rules") and which it would not normally reveal to others or would cause others to maintain in confidence. The provisions of the Federal Rules shall apply to such designation. Any discovery material designated confidential shall be stamped on each page so designated in a manner that does not render any portion of the discovery material illegible.

4. At any deposition session, counsel may on the record designate that portion of the transcript of the deposition containing confidential questions or answers as confidential material. Deposition testimony designated as confidential during a deposition shall be separately bound and bear the legend "Confidential" or "Confidential-Attorneys' and Experts' Eyes Only" on the cover and each page; deposition testimony so designated after transcription shall be segregated promptly after being so designated and bear the legend "Confidential" or "Confidential-Attorneys' and Experts' Eyes Only" on the cover and each page.

5. All deposition testimony shall be treated as confidential for a period of twenty (20) days following receipt of the transcript to enable counsel to ensure that proper designation

of confidential material has been made. Within twenty days after receipt of a deposition transcript, a party may further designate as "Confidential" or "Confidential - Attorneys' and Experts' Eyes Only" specific portions of the transcript that contain confidential matters. The designation shall be made in writing and served upon all counsel. Any portions of a transcript designated "Confidential" or "Confidential-Attorneys' Eyes Only" shall thereafter be treated as a confidential document in accordance with this Order.

6. If confidential discovery material is included in answers to interrogatories, such interrogatory answers shall be marked with the legend "Confidential" or "Confidential-Attorneys' Eyes Only" on each page and separately bound.

7. Each producing person may redesignate under Paragraphs 3 through 6 above, any material that it has inadvertently produced without the appropriate designation. Such redesignation shall be accomplished by notifying each party in writing of the redesignation. Upon receipt of such written redesignation, counsel of record shall (a) hold and not make any further disclosure or communication of such redesignated material except as provided for in this Order until the parties have had an opportunity to resolve any issues related to redesignation of the material or until the party seeking a redesignation has had the opportunity to move for an appropriate protective order and (b) make a good faith effort to notify any persons to whom they have directly distributed or disclosed the redesignated material of the request for redesignation under this Order.

8. At any deposition session, when counsel for a party believes that a question or answer will result in the disclosure of confidential information, counsel, at his or her option, may request that all persons other than the deponent, reporter, counsel (including counsel for the deponent), and other individuals authorized to receive disclosure pursuant to this Order leave the

deposition room during the portion of the deposition that counsel believes will result in the disclosure of confidential information. Counsel's request of a person to leave shall constitute an order of the Court and shall subject that person to sanctions for failure to leave the deposition room as requested. The failure of any person other than the deponent, reporter, counsel (including counsel for the deponent and in-house counsel), and other individuals authorized to receive disclosure pursuant to this Order to comply with a request of this type shall constitute substantial justification for counsel to advise the deponent (to the extent the deponent is his or her client) that he or she need not answer the question. Any deponent who is to be questioned concerning any confidential discovery materials (as well as the deponent's counsel, if the deponent is represented by counsel other than counsel representing a party in this action) must be served with a copy of this Order. The deponent (and as applicable his counsel) shall thereafter be bound by the provisions of this Order and subject to the jurisdiction of this Court for enforcement of this Order. The deponent shall not be permitted to retain copies of any confidential discovery materials, unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order; notwithstanding the foregoing, lay witness deponents who are permitted access to confidential information pursuant to this Order shall not be permitted to retain copies of any confidential information, but may have access to (but not retention of) such materials for the limited purpose of preparing to testify at trial. Deponent's counsel shall not be permitted to retain any copies of confidential information unless such counsel represents one of the parties in these actions.

9. Counsel for the receiving party may review documents designated as confidential. Such counsel may object to this designation as to any particular document, and seek a determination from the Court that such designated document(s) may be disclosed to other

identified persons. Should any party object to the designation by another party of discovery material as confidential, based upon a good faith belief that the material is not entitled to such protection, counsel for the objecting party shall state the objection by letter to counsel for the party making the designation. Following an objection to a designation of material as confidential, counsel shall promptly confer in an attempt to resolve the objection. Failing resolution, counsel for the party objecting to the designation may apply to the Court for a determination as to whether the confidential designation shall be maintained, and in such event the designating party shall have the burden of demonstrating good cause for the confidential designation under the Federal Rules. Any discovery material that has been designated confidential shall be treated as confidential until such time as the Court rules that such material should not be treated as confidential.

10. Except as agreed to in writing by the party that produced the discovery material, **"Confidential"** discovery material, including any notes, deposition transcript, brief, affidavit, memorandum, hearing transcript or other papers which contain the substance of any such confidential discovery materials or information derived therefrom, shall not be divulged to any person or entity other than the named parties to this action and their attorneys actively assisting in the representation of the parties in these actions; permanent, part-time and temporary employees of said attorneys who are assisting in these actions, such as outside research attorneys retained by either party, legal assistants, secretaries, clerical staff and the like; outside technical support persons whose services are necessary for the prosecution or defense of the action; actual or potential expert consultants and expert witnesses; and actual or proposed lay witnesses.

11. Except as agreed to in writing by the party that produced the discovery material, **"Confidential-Attorneys' and Experts' Eyes Only"** material, including any notes, deposition

transcript, brief, affidavit, memorandum, hearing transcript or other papers which contain the substance of any such discovery materials or information derived therefrom, shall not be divulged to any person or entity other than:

a. Outside counsel of record for the parties;

b. Employees of such outside counsel assigned to and necessary to assist such counsel in the preparation and trial of this action;

c. Any consulting or testifying expert retained by a party, provided that before access is given, the expert has completed the Undertaking attached as **Exhibit A** and the same is served upon the parties more than three business days before access to the confidential discovery material is to be given to that expert in order for an opposing party to raise any objection based upon the identity of the expert;

d. Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services and photocopy, document imaging and database services retained by outside counsel necessary to assist outside counsel with preparation of presentation at trial or other court proceedings in this action;

e. Any person being examined as a witness during a deposition or at trial concerning any confidential discovery material authored by that person or to which that person otherwise had lawful access prior to his or her examination; and

f. The Court.

12. Each person who is permitted access to confidential discovery material pursuant to this paragraph shall first be shown a copy of this Order and shall be further advised of the obligation to honor the confidential designation. In providing access to "Confidential" materials

to those persons as permitted in this Order, each party agrees to make a good faith effort to ensure compliance with the terms of this Order by such persons; failure to make such a good faith effort may subject that party to sanctions.

13. Any pleadings, papers or documents which are served or filed in these actions and which contain any portion of any confidential discovery material shall be filed or served in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL", and a statement substantially in the following form:

> This envelope is sealed and contains confidential material filed in the case of Robotic Vision Technologies, LLC v. Adil Shafi, Case No. 11-12909, and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

14. At the conclusion of all proceedings in these actions, whether by judgment, settlement, expiration of right to appeal, or otherwise, all confidential discovery material, including computer records obtained in these actions, all documents and notes containing, summarizing or otherwise derived from such materials, and all copies thereof not on file with the Court shall be returned to counsel for the party from whom the confidential discovery material was obtained. The pre-trial record may be retained in conformity with this Order. Within a reasonable period following the conclusion of all proceedings in these actions, counsel for any party shall, if requested by counsel for another party, certify that the terms of this Paragraph have been fully complied with, to the best of their knowledge and belief.

15. This Order is without prejudice to a party's right to move later to have non-confidential discovery materials destroyed or returned.

16. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns subsidiaries, divisions, employees, agents, independent contractors, or other persons or organization over which they have control.

17. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the confidential discovery material for enforcement of the provisions of this Order following termination of this litigation.

18. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's confidential discovery material pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. This Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions, or restrictions provided herein.

20. This Order shall in no way constitute a waiver of the right of the parties to raise or assert any defense or objection heretofore or hereafter raised or asserted, including but not limited to defenses or objections with respect to the use, relevance or admissibility of any documents, testimony or information subject to this Order.

21. Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine or other privilege, doctrine, right or immunity. If information subject to a claim of attorney-client privilege, work product privilege, or other privilege, doctrine, right or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right or immunity. Any party that inadvertently produces material protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right or immunity may obtain the return of those material by promptly notifying the recipient(s). The recipient(s) shall gather and return all of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Upon discovery of any such inadvertently disclosed or privileged material a party shall immediately contact the party producing the material and inform that producing party of the disclosure and return the disclosed material. Any such discovery material shall be treated as privileged until such time as the judge to whom this matter is assigned rules that such material should not be treated as privileged.

22. Notwithstanding any other provision contained herein, "Confidential" information shall not include information that (a) has been publicly disclosed, (b) becomes available to the general public through no act of a receiving part (including disclosures in open court), (c) documents that have been submitted to any governmental entity without request for confidential treatment, (d) was already known to the receiving party from legitimate sources, including previous discovery or investigation, (e) was independently developed by the receiving party, or

(f) was received from a third party having the right to make such disclosure and was not required to be held in confidence.

23. "Confidential" information shall only be used for the purpose of prosecuting or defending this action and will not be disseminated outside this case.

SO ORDERED AND SIGNED this __ day of February , 2013.

/s/ Victoria A. Roberts
The Honorable Victoria A. Roberts

Dated: 2/14/13

APPROVED AS TO CONTENT AND FORM:

By:/s/ Thomas G. McNeill
Thomas G. McNeill (P36895)
Michelle L. Alamo (P60684)
DICKINSON WRIGHT PLLC
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500
Fax: 313.223.3598
tmcneill@dickinsonwright.com
malamo@dickinsonwright.com

*Counsel for Plaintiffs*

By: /s/ John J. Doyle
T. Michael Doyle (P12931)
John J. Doyle (P46865)
DOYLE & MALINZAK PC
45 Blue Star Highway
Douglas, MI 49406
Tel: 269.857.3111
johnjdoyle@doylegroupattorneys.com

*Counsel for Defendant*

2:11-cv-12909-VAR-LJM Doc # 47 Filed 02/14/13 Pg 11 of 11 Pg ID 560

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBOTIC VISION TECHNOLOGIES, LLC,
and FREDERICK WEIDINGER,

Plaintiffs,

vs.

ADIL SHAFI,

Defendant.

Case No. 11-12909

Hon. Victoria A. Roberts

______________________________/

**UNDERTAKING**

I, LEE A HOLLAAR, under penalty of perjury, state that:

My address is: 1367 E 100 S, SALT LAKE CITY, UT 84102.

My telephone is: 801-363-8086.

My current occupation is: PROFESSOR.

My employer is: UNIVERSITY OF UTAH.

I have received a copy of the Stipulated Protective Order (the "Order") in this action, a copy of which is attached hereto. I have read carefully and understand the provisions of the Order. I will comply with all of the provisions of the Order. I will hold in confidence and will not disclose to anyone not qualified under the Order any "confidential" information that is disclosed to me.

Promptly upon termination of this action, I will return all "confidential" and/or all "confidential – attorneys' and experts' eyes only" information that came into my possession, and all documents or things that I have prepared relating thereto, to counsel for the producing party.

2/12/14
Date

[signature]
Signature