UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**************

| | |
|---|---|
| ROBOTIC VISION TECHNOLOGIES, LLC; a Nevada limited liability company; and FREDERICK WEIDINGER, an individual, | Case No. 2:11-cv-12909 |
| Plaintiffs, | Honorable Victoria A. Roberts |
| Vs. | **DEFENDANT'S AMENDED MOTION FOR RECONSIDERATION** |
| ADIL SHAFI, | |
| Defendant. | |

| | |
|---|---|
| Michelle L. Alamo (P60684) | T. Michael Doyle (P12931) |
| Thomas G. McNeill (P36895) | DOYLE & MALINZAK, P.C. |
| DICKINSON WRIGHT | Attorney for Defendant |
| Attorney for Plaintiffs | 45 Blue Star Highway |
| 500 Woodward Avenue, Suite 4000 | Douglas, Michigan 49406 |
| Detroit, Michigan 48226-3425 | (269) 857-3111 |
| (313) 223-3500 | |

NOW COMES Defendant, by and through his attorney, T. Michael Doyle, pursuant to Local Civil Federal Court Rule 7.4, and moves this Honorable Court for reconsideration of its Order of February 18, 2014 for the following reasons:

1. This Court has appointed a Master to decide issues not plead in Plaintiff's Amended Complaint.

2. The Court has ordered Defendant to pay the Master a $5,000.00 advance by February 28, 2014 when the Master has disclosed that he cannot review the matter until sometime after March 12, 2014.

3. The Court has ordered that Defendant's $5,000.00 advance is not recovered even should the Defendant prevail in this matter.

4. Defendant does not have immediate access to $5,000.00; the Court should extend the period during which Defendant is required to pay the $5,000.00 until after the Master will commence his work.

5. The Court must require that the Master complete a comparison of the Complaint to the order of the Court prior to ordering an advance payment by the Defendant.

Defendant's brief is included herewith in support hereof along with Defendant Shafi's affidavit.

Dated: March 5, 2014

DOYLE & MALINZAK, P.C.
Attorney for Defendant

By: */s/ T. Michael Doyle*
T. Michael Doyle (P12931)
45 Blue Star Highway
Douglas, Michigan 49406
(269) 857-3111

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**************

| | |
|---|---|
| ROBOTIC VISION TECHNOLOGIES, LLC; a Nevada limited liability company; and FREDERICK WEIDINGER, an individual, | Case No. 2:11-cv-12909 |
| Plaintiffs, | Honorable Victoria A. Roberts |
| Vs. | |
| ADIL SHAFI, | |
| Defendant. _____/ | |
| Michelle L. Alamo (P60684) Thomas G. McNeill (P36895) DICKINSON WRIGHT Attorney for Plaintiffs 500 Woodward Avenue, Suite 4000 Detroit, Michigan 48226-3425 (313) 223-3500 | T. Michael Doyle (P12931) DOYLE & MALINZAK, P.C. Attorney for Defendant 45 Blue Star Highway Douglas, Michigan 49406 (269) 857-3111 |

_____/

**DEFENDANT'S AMENDED BRIEF IN SUPPORT
OF DEFENDANT'S AMENDED
MOTION FOR RECONSIDERATION**

i

# **TABLE OF CONTENTS**

**Page No.**

INDEX OF AUTHORITIES ……………………………………………  iii

INDEX OF EXHIBITS …………………………………………………..  iv

CONCURRENCE OF RELIEF SOUGHT ………………………………  v

STATEMENT OF ISSUES ………………………………………………  vi

STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY  vii

FACTS ………………………………………………………………….  1

ISSUES …………………………………………………………………  1

ARGUMENT ……………………………………………………………  2

CONCLUSION …………………………………………………………  4

CERTIFICATE OF SERVICE …………………………………………….  5


# INDEX OF AUTHORITIES

**Page No.**

**Cases cited**

*American Marietta vs. Essroc Cement Corp.*, 59 Fed App'x 668, 672
 (6th Cir. 2003) (*quoting GenCorp Inc. vs. American Int'l Underwriters*,
 178 F3d 804, 834 (6th Cir. 1999) ……………………………………..   vii, 2

*Ashcroft vs. Iqbal*, 129 SCt 1937, 1949 (2009) ………………………………   3

*Bell Atlantic vs. Twombly*, 550 US 544, 555 (2007) …………………………   3

*In re Travel Agent Com'n Antitrust Litigation*, 583 F3d 896, 903 (6th Cir. 2009)   3

*Jones vs. City of Cincinnati*, 521 F3d 555, 559 (6th Cir. 2008) ………………..   3

*PolyVision Corp. vs. Smart Techs., Inc.*, No. 1:03-CV-476, 2007 WL 2683516   vii, 2

*Riverview Health Institute LLC vs. Medical Mutual of Ohio*, 601 F3d 505, 512
 (6th Cir. 2010) ……………………………………………………………   3

**Court rules cited**

FRCP 12(b)(6) ……………………………………………………………….   2, 3

FRCP 59(e) ……………………………………………………………………   2

## **INDEX OF EXHIBITS**

Unsigned Affidavit of Defendant Adil Shafi

## CONCURRENCE OF RELIEF SOUGHT

Pursuant to LR 7.1(a), the undersigned has sought the concurrence of opposing counsel to the relief sought in the instant motion, but at the time of this filing, no response has yet been received.

## **STATEMENT OF ISSUES**

1. Whether Defendant must pay the Master the sum of $5,000.00 by February 28, 2014 when Defendant does not have said funds at his disposal at this time.

2. Whether the non-prevailing party in this matter should be required to bear the entire cost associates with the Master's work in this matter.

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

"Motions to reconsider must rely on new evidence and not information readily available during the prior proceeding." *American Marietta vs. Essroc Cement Corp.*, 59 Fed App'x 668, 672 (6th Cir. 2003) (*quoting GenCorp Inc. vs. American Int'l Underwriters*, 178 F3d 804, 834 (6th Cir. 1999); *PolyVision Corp. vs. Smart Techs., Inc.*, No. 1:03-CV-476, 2007 WL 2683516, at *1 (W.D. Mich. Sept. 7, 2007) (Quist, J.) "A Motion for Reconsideration may not be used to introduce evidence which could have been proffered during the pendency of the summary judgment motion."

## FACTS

This Court has appointed a Master to decide issues not plead in Plaintiff's Amended Complaint.

The Court has ordered Defendant to pay the Master a $5,000.00 advance by February 28, 2014 when the Master has disclosed that he cannot review the matter until sometime after March 12, 2014.

The Court has ordered that Defendant's $5,000.00 advance is not recovered even should the Defendant prevail in this matter.

Defendant does not have immediate access to $5,000.00; the Court should extend the period during which Defendant is required to pay the $5,000.00 until after the Master will commence his work.

The Court should require that the Master complete a comparison of the Complaint to the order of the Court prior to ordering an advance payment by the Defendant.

The Affidavit of Adil Shafi is included herewith as *Schedule 1*.

## ISSUES

1. This Court has appointed a Master to decide issues not plead in Plaintiff's Amended Complaint.

2. The Court has ordered Defendant to pay the Master a $5,000.00 advance by February 28, 2014 when the Master has disclosed that he cannot review the matter until sometime after March 12, 2014.

3. The Court has ordered that Defendant's $5,000.00 advance is not recovered even should the Defendant prevail in this matter.

4. Defendant does not have immediate access to $5,000.00; the Court should extend the period during which Defendant is required to pay the $5,000.00 until after the Master will commence his work.

5. The Court should require that the Master complete a comparison of the Complaint to the order of the Court prior to ordering an advance payment by the Defendant.

## ARGUMENT

This Court has discretion to consider new evidence under Rule 59(e). The affidavit presents information that Defendant could not have obtained and presented the Shafi affidavit prior to the court's entry of judgment. "Motions to reconsider must rely on new evidence and not information readily available during the prior proceeding." *American Marietta vs. Essroc Cement Corp.*, 59 Fed App'x 668, 672 (6th Cir. 2003) (*quoting GenCorp Inc. vs. American Int'l Underwriters*, 178 F3d 804, 834 (6th Cir. 1999); *PolyVision Corp. vs. Smart Techs., Inc.*, No. 1:03-CV-476, 2007 WL 2683516, at *1 (W.D. Mich. Sept. 7, 2007) (Quist, J.) "A Motion for Reconsideration may not be used to introduce evidence which could have been proffered during the pendency of the summary judgment motion." The evidence submitted by Shafi was not considered by the Court.

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert as a defense the opposition's "failure to state a claim upon which relief can be granted[.]" Robotic Vision Technologies, LLC and Frederick Weidinger have presented no claim upon which relief could be granted. In fact, no detailed proofs have been alleged. It is therefore fairly stated that a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

2

"sufficiency" of the Complaint. See *Riverview Health Institute LLC vs. Medical Mutual of Ohio*, 601 F3d 505, 512 (6th Cir. 2010). To survive a Rule 12(b)(6) Motion to Dismiss, the Complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic vs. Twombly*, 550 US 544, 555 (2007). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft vs. Iqbal*, 129 SCt 1937, 1949 (2009) internal quotations omitted). Plaintiffs have submitted no such factual allegations. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Following the ruling in *Twombly*, the Sixth Circuit concluded that "[o]f course, we must still construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *In re Travel Agent Com'n Antitrust Litigation*, 583 F3d 896, 903 (6th Cir. 2009) (internal quotations omitted); see also *Jones vs. City of Cincinnati*, 521 F3d 555, 559 (6th Cir. 2008).

The Court is asking the Master to assume responsibility of the Court to make a decision on this matter.

The Master states that he has not reviewed the specific complaint as it relates to the Court's herein referenced Order.

As of February 24, 2014, the Master had not received the advance from either the Plaintiff or the Defendant. Apparently, the Plaintiff sent its advance to the wrong address.

3

## **CONCLUSION**

The Court must reconsider its Order.

Dated: March 5, 2014		DOYLE & MALINZAK, P.C.
		Attorney for Defendant

		By:  */s/ T. Michael Doyle*
		T. Michael Doyle (P12931)
		45 Blue Star Highway
		Douglas, Michigan 49406
		(269) 857-3111

4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2014, I electronically filed the foregoing paper *(Defendant's Amended Motion for Reconsideration and Amended Brief in Support)* with the Clerk of the Court using the ECF system, which will send notification of such filing and service of such documents to all parties via their counsel of record at the e-mail addresses disclosed on the Notice of Electronic Filing receipt.

        DOYLE & MALINZAK, P.C.
        Attorney for Defendant

        By: /s/ T. Michael Doyle
           T. Michael Doyle (P12931)
           45 Blue Star Highway
           Douglas, Michigan 49406
           (269) 857-3111