UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES
LLC and FREDERICK WEIDINGER,
an Individual,

        Plaintiffs,

v.

ADIL SHAFI, an Individual,

        Defendant.

Hon. Victoria A. Roberts
Mag. Judge Laurie J. Michelson

Case No. 11-12909

## PLAINTIFFS' MOTION TO DISMISS CASE WITHOUT PREJUDICE

Plaintiffs, by and their undersigned counsel of record, and pursuant to Fed.R.Civ.P. 41(a)(2), file this motion requesting the Court to enter an Order dismissing this case without prejudice and without costs to any party. In support of this motion, Plaintiffs state the following:

1. Defendant's counsel has not filed a Suggestion of Death under Fed.R.Civ.P. 25(a). See, Model Form 9. However, Defendant Adil Shafi's death on April 4, 2014 is a matter of public record. *See*, http://www.obitsforlife.com/obituary/883612/Shafi-Adil.php.

2. From time to time, Defendant's present counsel has suggested that Mr. Shafi would seek to pursue Plaintiffs in connection with the judgment obtained in case no. 09-10454 against Braintech, Inc., then defunct, with no assets and no

1

insurance coverage for such judgment. There would be absolutely no merit in pursuing Plaintiffs in this case relative to the Braintech judgment, but Plaintiffs would incur defense costs which might, or might not, be recoverable under Fed.Rule.Civ.P. 11 and/or 28 U.S.C. 1927.

3. Further to the telephonic status conference held on April 17, 2014, the undersigned counsel discussed this case with Andrew Gerkin, counsel for Barbara Shafi, the widow of Adil Shafi. Mr. Gerkin indicated that: (a) Ms. Shafi has no intention of pursing the Braintech judgment, but (b) given the dearth of estate assets, Ms. Shafi likely would not file a probate court case, without which a Personal Representative of the Estate of Adil Shafi could not be appointed and, therefore, there was no one with authority to negotiate the terms of a dismissal of this case with prejudice.

WHEREFORE, Plaintiffs request that this Court enter an order of dismissal without prejudice in, or substantially in, the form attached as Exhibit A to the supporting brief filed herewith.

DICKINSON WRIGHT PLLC

By: /s/ Thomas G. McNeill
Thomas G. McNeill (P36895)
TmcNeill@dickinsonwright.com
Attorneys for Plaintiffs
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500

Dated: May 1, 2014

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES
LLC and FREDERICK WEIDINGER,
an Individual,

        Plaintiffs,

v.

ADIL SHAFI, an Individual,

        Defendant.

Hon. Victoria A. Roberts
Mag. Judge Laurie J. Michelson

Case No. 11-12909

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS CASE WITHOUT PREJUDICE

Under Fed.R.Civ.P. 41(a)(2), once contested by the defendant a Plaintiff may dismiss a case only by Court order "on terms that the Court considers proper."

Whether dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing, *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). More specifically, Rule 41(a)(2) "allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." *Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226, 228 (W.D. Mich. 1999) (quoting *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274

(5th Cir. 1990)). In fact, generally an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Grover*, 33 F.3d at 718; *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988).

This Court is well acquainted with the facts and procedural posture of this case. Plaintiffs were in the process of vigorously pursuing their claims in this case and the Court had appointed a special master to make findings and recommendations as to whether Defendant had pirated Plaintiffs' software source code.

Plaintiffs do not wish to pursue their claims against Defendant's estate or otherwise cause hardship or burden to Ms. Shafi.

However, Plaintiffs do not wish to leave themselves exposed if later the estate pursues claims against either of them. Understanding that no one presently acts in a legal capacity for, or is otherwise authorized to act on behalf of, the estate, Plaintiffs submit that entry of an order of dismissal without prejudice and without costs to either party would be proper under Rule 41(a)(2) and under these circumstances.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: /s/ Thomas G. McNeill
Thomas G. McNeill (P36895)
TmcNeill@dickinsonwright.com
Attorneys for Plaintiffs
500 Woodward Ave, Suite 4000
Detroit, Michigan 48226
Tel: 313.223.3500

Dated: May 1, 2014

I hereby certify that on May 1, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

/s/ Thomas G. McNeill (P36895)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
tmcneill@dickinsonwright.com

DETROIT 49763-1 1314842v1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBOTIC VISION TECHNOLOGIES
LLC and FREDERICK WEIDINGER,
an Individual,

            Plaintiffs,

v.

ADIL SHAFI, an Individual,

           Defendant.

Hon. Victoria A. Roberts
Mag. Judge Laurie J. Michelson

Case No. 11-12909

## ORDER DISMISS PLAINTIFFS' CASE WITHOUT PREJUDICE

At a session of said Court held in Theodore Levin Federal Courthouse in Detroit, Michigan on _____.

Hon. _____
        U.S. District Judge

The Court has received Plaintiffs' motion filed on May 1, 2014 and is otherwise informed in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED that, pursuant to Fed.R.Civ.P 41(a)(2), this Case is dismissed without prejudice and without costs to any party.

_____
United States District Court Judge

Dated: _____