# Exhibit B

2:11-cv-12909-VAR-LJM Doc # 64-2 Filed 05/09/14 Pg 1 of 3 Pg ID 714



**DICKINSON WRIGHT PLLC**

500 WOODWARD AVENUE, SUITE 4000
DETROIT, MI 48226-3425
TELEPHONE: (313) 223-3500
FACSIMILE: (313) 223-3598
http://www.dickinsonwright.com

THOMAS G. MCNEILL
TMcNeill@dickinsonwright.com
(313) 223-3632

April 8, 2014

The Honorable Victoria A. Roberts
United States District Judge
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 211
Detroit, MI 48226

Attn: Ms. Linda Vertriest and Dale Willett, Esq.

Re: **Robotic Vision Technologies, LLC and Frederick Weidinger v. Adil Shafi, U.S. District Court, E.D. Michigan, Case No. 11-12909**

Your Honor,

On behalf of ourselves and our clients, we are deeply saddened by the news received yesterday morning that Mr. Shafi died on April 4, 2014.

Beyond the application of Fed.R.Civ.P 25(a), under these circumstances, on behalf of Plaintiffs, we would like to propose a process for bringing this case to an expeditious conclusion.

As an important preliminary manner, we wish to assure the Court and Mr. Doyle that Plaintiffs have no intention of pursuing the claims which they have asserted in this case, or any other claims, against Mr. Shafi's Estate, unless caused to do so defensively should the Estate pursue its judgment against Braintech as to either Plaintiff (a circumstance, frankly, we cannot imagine occurring).

We are concerned, however, by the recent disclosures to the Special Master, Dr. Hollaar, that Mr. Shafi and/or his company, Advenovation, developed, distributed and sold machine vision software products and services to Fanuc, Motoman and Adept during an as yet undisclosed timeframe and under circumstances from which we reasonably have inferred the distinct possibility of improper and actionable derivation from the Reliabot and/or eVF source code owned by Plaintiff RVT.

We would like to expeditiously engage in two undertakings before making a final decision on whether to dismiss this case without prejudice (our preliminary preference) or to seek the substitution of Advenovation as a defendant.

First, under the "Attorneys' and Experts' Eyes Only" provisions of the Protective Order entered by this Court, we would like our expert, John Martens, Ph.D., to review the source code/native work which Mr. Shafi and/or his company, Advenovation, created and/or sold for

DICKINSON WRIGHT PLLC

The Honorable Victoria A. Roberts
Page 2

incorporation or integration with the Fanuc, Motoman and Adept software which Mr. Shafi provided to Dr. Hollaar.

Second, we propose to interview Mr. Shafi's business partner, David Dechow, as to whether he and/or Advenovation intend to continue the business efforts of Mr. Shafi which gave rise to the specific issues we have articulated in this case and for which the Court ordered both discovery and the appointment of a Special Master.

Nearly two years ago, in lieu of a deposition under the subpoena which we had served, we consented to the request of Mr. Dechow, then owner of Aptura Machine Vision Systems, that we interview him. For the interview conducted on May 15, 2012, Mr. Dechow appeared without counsel and we found him to be responsive and frank. He explained that he had been in the machine vision business for 30 years, had collaborated with Mr. Shafi on the original development of the Reliabot source code and had retained a copy of the Reliabot source code and certain Reliabot documentation, including training PowerPoints and manuals.

Sometime after the interview, Mr. Dechow sold his company, Aptura, and became a principal in, or employee of, Advenovation, the company founded by Mr. Shafi.

Mr. Dechow is in the best position to explain the work conducted by Advenovation, whether wrongful conduct has occurred in the past and whether after Mr. Shafi's death Advenovation and/or Mr. Dechow will be advancing the conduct that has given rise to the issues that are included within the subject matter of this case.

We are hopeful that Mr. Dechow would consent to the interview as he did before. He would of course be welcome to retain counsel (although he did not feel the need to do so before) and/or to rely upon the attendance of Mr. Doyle, Mr. Shafi's counsel. We would hope that Mr. Doyle would assist in facilitating the interview. We would be willing to conduct that interview immediately and outside of normal business hours to accommodate Mr. Dechow's schedule. We are hopeful that Mr. Dechow would again be responsive and frank, and that his answers and our interaction with him would serve as a basis for a dismissal of this case without prejudice.

We would welcome a status conference with the Court to further discuss this proposal with the Court and Mr. Shafi's legal team.

With best regards,

Thomas G. McNeill

cc: T. Michael Doyle, Esq.
Lee A. Hollaar, Ph.D.